ISSACHAR J. ELLIOTT & others *vs.* SUMNER BALCOM & another.

A bill of review in equity as of right lies only for error in law appearing on the face of the decree.

Leave to file a bill of review in equity may be granted upon petition, supported by evidence that the original decree was obtained by fraud.

The finding of facts by the court on a petition for leave to file a bill of review in equity is not conclusive at the hearing on the bill.

A trial by jury upon a bill of review in equity is within the discretion of the judge who hears the cause; and should not be granted upon a question of the distribution of redemption money among several parties, depending on disputed and intricate facts.

An agreement between one holding land under a levy of execution, and a purchaser on good consideration from him of part of the land set off, that such purchaser shall not claim any part of the redemption money in case the land shall be redeemed, extends only to the case of a redemption in good faith by actual tender and payment of the whole redemption money.

The owner of the right of redeeming land from a levy on execution, in a bill in equity for redemption against a purchaser of the title in the whole land under that levy, and two persons who had severally purchased from him parts of the land, prayed the court to ascertain how much was due and to whom, and offered to pay into court the amount found due. The first purchaser answered, stating that the other two defendants had disclaimed all right to any part of the redemption money; and those two defendants, though duly summoned, suffered the bill to be taken for confessed as against them; and a decree was entered that the plaintiff, upon paying into court a certain sum for the use of the first purchaser, should have judgment against the three defendants severally for seisin of their respective portions of the land. Whether this decree was erroneous on the face

of the record, so as to entitle either of the two defendants against whom the bill had been taken for confessed to a bill of review as of right, *quære*. But upon petition for leave to file a bill of review, and evidence that the decree was obtained by fraud of the plaintiff and the first purchaser, *held*, that the other two defendants should be allowed to file a bill of review. *Held, also*, that the finding of such fraud by the court upon the petition was not conclusive at the hearing upon the bill; that the refusal of a trial by jury by the presiding judge at such hearing was proper and conclusive; and that if one of these two defendants had agreed, at the time of his purchase, that his grantor, in case of redemption, should have the whole redemption money, an arrangement between such grantor and one who had purchased the equity of redeeming from the levy and sold it to this plaintiff, that this portion should be redeemed, without the payment of any money, by releasing the right of redeeming the residue, was fraudulent against the purchaser of this portion of the land, and entitled him, although the plaintiff had since the decree conveyed his title to the parties who made this fraudulent arrangement, to a reversal of the decree and dismissal of the original bill.

PETITION by Issachar J. Elliott, Prince Davis and Lovan B Davis his wife, for leave to file a bill of review against Sumne Balcom and George W. Tourtellot.

The petition alleged that on the 3d of October 1850 Gran¹ and Ensign had certain real estate in Webster set off to them on execution against Sumner Bates, and on the 11th of Octobe. sold all their rights under that levy to Tourtellot; that Tourtel lot by quitclaim deeds for good consideration conveyed a par of the premises to Elliott on the 2d of November, and anothe part to Lovan B. Davis on the 4th of December 1850; that on the 21st of October 1850 Bates's right of redeeming the prem ises from the levy in favor of Grant and Ensign was attached on mesne process in favor of Lyman Sheldon, and on the 16th of August 1851 sold on execution to Balcom, who on the 21st of September 1851 filed his bill in equity against Tourtellot, Elliott and Lovan B. Davis, describing her as " yeoman," for redemption from the levy, in which he set forth his own title, the levy of execution by Grant and Ensign, their conveyance to Tourtellot, Tourtellot's conveyances of parts of the estate to Elliott and Lovan B. Davis, and his seisin of the rest; prayed the court to ascertain how much was due and to whom, and offered to pay into court the amount found due, within such time as the court should order; that on this bill a subpœna was issued and served on all the defendants, of whom Tourtellot appeared and answered, and Elliott and Davis did not appear,

and the bill was taken for confessed against them by order of the court, and a final decree made, reciting that it appeared to the court " that the said Lovan B. Davis by an instrument in writing by him signed" disclaimed all right to any portion of the redemption money, and ordering that Balcom, upon paying $3259.18 to the clerk for the use of Tourtellot, should have judgment and execution as at common law against Elliott and Davis for seisin of the portions conveyed to them respectively, and against Tourtellot for seisin of the rest of the premises. The petition also contained the following allegations :

1st. That Lovan B. Davis, at the time of filing the bill in equity and ever since, was the wife of Prince Davis, who at the time of the proceedings in the suit resided within the Commonwealth, and was entitled to a life estate in the lands conveyed to her by Tourtellot, and, upon redemption of the same, to a share in the redemption money, and should have been made a party to the bill.

2d. That Elliott, supposing the facts stated in the bill to be true, and knowing that, if they were, he would be entitled to a proportion of the redemption money by virtue of the deed to him, which was set forth and its validity and legal effect not denied in the bill, suffered the bill to be taken for confessed against him ; yet the decree directed the whole money to be paid to Tourtellot, who was entitled to a part only.

3d. That Lovan B. Davis was induced to sign the disclaimer by the fraudulent misrepresentations of Sheldon, and without any knowledge of its contents, either on the part of herself or her husband, who attested it, until long after the decree.

4th. That since the decree Elliott had learned for the first time that Tourtellot in his answer represented that Elliott had paid no consideration for the deed from Tourtellot to him and had agreed to claim no part of the redemption money ; that this representation was false ; and that Elliott did pay from $1500 to $2000, by obtaining from Lavina Bates a release of a claim to that amount which she held against Tourtellot.

5th. That both Tourtellot and Balcom acquired their titles as agents and in secret trust for Sheldon.

The petitioners upon all these grounds prayed for leave to file a bill of review and for further relief.

The respondents answered severally, objecting that the facts alleged, if true, were not sufficient to warrant granting a review; denying the truth of the allegations made as grounds for a review; and alleging that Elliott paid no valuable consideration for the deed to him, and agreed to claim no part of the money if the premises should be redeemed; that Elliott came to Worcester with counsel and inspected the bill in the clerk's office, and, upon being informed of the probable expense of putting in an answer, declined having anything to do with it; that the disclaimer of Mrs. Davis was given voluntarily and knowingly, and with the knowledge and assent of her husband, and that the deed to her was a mere release of Tourtellot's interest in a portion of the premises to which she already had a paramount title.

Balcom also alleged that he had sold the estate, and great injustice would be done to him and to the purchaser if a review should be granted and the decree amended or reversed; and that the paramount title of Mrs. Davis to part of the land had come to his knowledge since the decree, and he had thereupon procured reconveyances thereof to himself, and now offered a deed thereof to her.

The case was argued at October term 1855 upon the petition and answers, with an agreement that all facts alleged in the petition and not denied were true.

*E. Washburn & G. F. Hoar*, for the petitioners. The petitioners are entitled to a remedy on that part of their case conceded by the respondents. Their application is based both upon error in law apparent in the body of the decree, which entitles them to a bill of review without leave as of right, or upon facts which, being shown, entitle them to a review as of right; and also upon facts dehors the record, which require leave previously obtained. 1 Newland's Ch. Pract. 368, 369. Mitf. Eq. Pl. (5th ed.) 101. 1 Harrison's Ch. Pract. (7th ed.) 673, 674. 3 Dan. Ch. Pract. 1727. *Dexter* v. *Arnold*, 5 Mason, 303. The petition, containing a prayer for general relief, differs from a bill of review

only in title; and if the petitioners are entitled to a review as of right, the original decree may be amended or reversed on the pleadings as they stand.

One ground of review is that one of the defendants in the original bill was a married woman, and her husband was not joined. 1 Dan. Ch. Pract. 189, 222, & cases cited. *Perine* v. *Swaine*, 1 Johns. Ch. 24. *Anon.* 2 Ves. Jr. 332, & Amer. note. Bac. Ab. Error, B. The facts stated in the answers do not cure this error, and the offer of Balcom does not restore the rights of Mrs. Davis.

The decree is also erroneous against Elliott, in not following the bill, (which was all that he had consented to take for confessed,) but founding the decree on facts stated in the answer of another defendant, having interests distinct from his, and not responsive to the bill. Adams on Eq. 20, & cases cited. 2 Dan. Ch. Pract. 981, (Amer. ed.) note, & cases cited. *Mills* v. *Gore*, 20 Pick. 34. Elliott's right to a portion of the redemption money is not denied in the answers.

The petitioners are entitled to have the several allegations tried in the original suit, and not collaterally on this petition.

*P. C. Bacon & F. H. Dewey*, for the respondents. Upon the petition and answers, the petitioners are not entitled to a review. The only ground of review of right is error on the face of the record. *Dexter* v. *Arnold*, 5 Mason, 315.

It does not follow, from the fact that Lovan B. Davis was a married woman, that her husband ought to have been made a party. Story Eq. Pl. § 71. 3 Dan. Ch. Pract. 1728. She was duly summoned, and, with the knowledge and assent of her husband, disclaimed in writing any part of the redemption money. The conveyance of Tourtellot to her operated simply as a release of his right in land which she already owned. If making her a party to the bill was an error, or the decree erroneous as to her, her rights were affected no further than that judgment was rendered against her for the possession of land which Balcom had no right to redeem. *Dexter* v. *Arnold*, 5 Mason, 315. *Perry* v. *Phelips*, 17 Ves. 177. Balcom having never taken

possession under his judgment, the deed to her which he now offers restores all her rights and removes all grounds of review. Her husband's rights have not been affected by the decree. Story Eq. Pl. § 409.

Elliott has no right to a review upon the ground that he was entitled to a portion of the redemption money and not noticed in the decree. He was duly summoned to appear, and after inspecting the bill declined to do so, and thus admitted Balcom's right to redeem upon the terms fixed by the court. It had been agreed between Tourtellot and Elliott, that Elliott should have no right to any portion of the redemption money, and his deed from Tourtellot was in intent and form a release only, and could not be contradicted by parol evidence that it was intended to be an assignment. Elliott paid no consideration for this deed. Substantial justice was done by the decree so far as he was concerned. 3 Dan. Ch. Pract. 1723. And his ignorance of Tourtellot's answer until after the decree is immaterial.

The charges of fraud and misrepresentation are not supported. And the facts that the respondents have acted in good faith and in accordance with a decree of this court, and that by a review their rights and those of a subsequent purchaser would be seriously affected, should have great weight with the court in a matter within its discretion. 3 Dan. Ch. Pract. 1723, & cases cited in note. *Perry* v. *Phelips*, 17 Ves. 177.

SHAW, C. J.* Treating this as a petition for a review upon the ground of a decree void for error in law upon the face of the decree, it is a question whether under all the circumstances, taking the whole record into consideration, it is so erroneous upon its face, that a bill of review should be granted upon that ground.

The bill of Balcom was a bill to redeem against Elliott and Tourtellot, averring both to be holders of the redeemable estate, and praying the court to ascertain the sum which the plaintiffs must pay to redeem, and to ascertain to whom the money

---

* THOMAS and MERRICK, JJ. did not sit in this case.

should be paid.   This bill was served on Elliott; he knew what the prayer was; and yet he did not answer, or appear, or assert his rights.   Therefore it is doubtful whether he did not leave the court to make such decree, as to whom the redemption money should be paid, as the court might think equitable; and therefore it may be doubtful whether the decree is erroneous on the face of it, although *prima facie* it would appear on the bill that the order to pay out all of the redemption money to Tourtellot was erroneous.

But, supposing the decree to be erroneous on this ground, we are inclined to the opinion that the decree is good up to the time of the payment into court; and that the error, if any, consists only in that part of the decree which directed the money to be paid to Tourtellot; and therefore all that the court would do would be to reverse that part of the decree which directed the money thus to be paid; unless indeed the decree actually entered must be taken to be the act of Balcom, the plaintiff in the original suit, so that he is responsible for the correctness of the decree, and as against him the whole decree must be set aside.

But under the circumstances under which the case has been brought before us, we feel bound to say that as the decree cannot now be reversed in whole, the petitioners should have a right to proceed with their petition for a review, on the ground of newly discovered evidence and like grounds of fact.

*Case to stand for hearing.*

The case was heard at April term 1857 on the petition, answers and proofs, before *Bigelow,* J., who reported that the facts alleged in the petition were proved; that Mrs. Davis had a title derived from Bates, paramount to the levy of Grant and Ensign, so that nothing passed to her by the deed from Tourtellot, and, if the deed tendered by Balcom should be delivered to her and on sending the case to a master it should be found that all Balcom's right under the decree had thereby vested in her, there would be no necessity for revising or amending the decree as to her; and that her husband had no title to the premises in his

own right, his title having passed to his assignee in insolvency on the 7th of March 1852. Upon these facts the following questions were reserved for the full court:

" 1st. Did Elliott, by the deed from Tourtellot to him, obtain any right to a share or portion of the money paid for redemption of the estate; or was it a mere release, which transferred no title to a share of the redemption money?

" 2d. If Elliott had, by virtue of his deed from Tourtellot, a right to a share of the money paid to redeem the estate, then on the facts above stated is he entitled to a bill of review against Balcom and Tourtellot for an amendment or reversal of the decree; or, if not, is he entitled to any, and what, remedy against them under this petition?"

After this hearing Prince Davis died, and the case was argued at this term upon this report.

*Washburn & Hoar*, for the petitioners. Grant and Ensign, by their levy upon Bates's land, acquired the seisin and ownership thereof, which they could only convey by deed. *Blood* v. *Wood,* 1 Met. 534. Rev. Sts. *c.* 73, § 24. Under their deed to Tourtellot he held it as real estate, which he could only convey by deed. And his deed to Elliott conveyed the land and all its incidents, and his whole interest and seisin, to Elliott. *Pray* v. *Peirce,* 7 Mass. 384. *Warden* v. *Adams,* 15 Mass. 233. *Russell* v. *Coffin,* 8 Pick. 153. *Freeman* v. *M'Gaw,* 15 Pick. 86. Rev. Sts. *c.* 59, § 5. It could not operate as a release, because Elliott had neither interest in nor possession of the estate when it was given. Watkins on Conv. (4th ed.) 219. *Warren* v. *Childs,* 11 Mass. 225.

By the officer's deed to Balcom, he became substituted to the place of Bates the debtor, in respect to redeeming the estate. Rev. Sts. *c.* 73, §§ 38, 48.

Elliott, as assignee and owner of the land to be redeemed, was entitled to his share of the redemption money as a substitute for the land; both because it was paid under a decree in equity, and the redemption money in equity represents the land as to its ownership; and by force of the statute. Story Eq. Pl. § 790. *Houghton* v. *Hapgood,* 13 Pick. 158. *Clark* v. *Austin,*

2 Pick. 531.    *Stearns* v. *Stearns,* 1 Pick. 157.    *Foreman* v.
*Foreman,* 7 Barb. 215.    *March* v. *Berrier,* 6 Ired. Eq. 524.
*Craig* v. *Leslie,* 3 Wheat. 563.    Rev. Sts. *c.* 73, §§ 26, 27, 46,
47, & commissioners' note.    Although he was assignee of a part
only, he was properly made a party to Balcom's bill, by reason
of his interest.    1 Dan. Ch. Pract. 240, 292.    1 Story on Eq.
§ 28.    And Balcom, having made him a party and obtained
judgment against him, is estopped to deny his right to reverse
that judgment for error.

Elliott presents proper grounds for a review.    The error in
the decree can be reached and remedied only in that way, it
having been enrolled, in view of the law, at the close of the term
when it was rendered.    Coop. Eq. Pl. 88, 89.    Beames Ord.
Ch. 1.    1 Harrison's Ch. Pract. 657.    2 Madd. Ch. Pract. 357.
*Whiting* v. *Bank of United States,* 13 Pet. 6.    *Dexter* v. *Arnold,* 5
Mason, 311.    Review lies for error upon the face of the proceed-
ings as a matter of right; and for new or subsequent matter, by
leave of court, both of which exist in the present case.    1 Har-
rison's Ch. Pract. 673.    3 Dan. Ch. Pract. 1727, (Amer. ed.)
note.    Coop. Eq. Pl. 90, 92.    Mitf. Eq. Pl. 102.    *Perry* v.
*Phelips,* 17 Ves. 178.    The whole papers in the former case,
taken together, make the record, and these show that Elliott
was entitled to a share of the redemption money.    *Whiting* v.
*Bank of United States,* and *Dexter* v. *Arnold,* above cited.

The new facts are the answer of Tourtellot, and the fraudu-
lent combination of Tourtellot, Sheldon and Balcom to obtain
the former decree.

As against Mrs. Davis, the error of law was rendering judg-
ment against her without joining her husband; and the new
matter was the fraudulent use of the paper procured from her
by Sheldon.

The petitioners are entitled to a reversal of the former judg-
ment, and to be restored into the situation in which they would
have been if that had not been executed.    Coop. Eq. Pl. 95.
2 Madd. Ch. Pract. 541.    1 Harrison's Ch. Pract. 139, 452.
Mitf. Eq. Pl. 107.    Without such a reversal, her husband being
dead, Mrs. Davis cannot be restored to her rights in rents and

profits.   *Cummings* v. *Noyes*, 10 Mass. 434.   Where the error is
one of law, a writ of error is of right, and a reversal of judgment
not a matter of discretion.   *Skipwith* v. *Hill*, 2 Mass. 35.   If the
analogy to writs of error at common law is to be carried out,
the petitioners refer, for precedents to guide the court, to Com.
Dig. Pleader, 3 B. 20 ; *Commonwealth* v. *Ellis*, 11 Mass. 466 ;
*Cummings* v. *Noyes*, 10 Mass. 434 ; *Pangborn* v. *Ramsay*, 11
Johns. 143 ; *Dewitt* v. *Post*, 11 Johns. 460.

The lands should be restored to the petitioners, and Balcom
has lost all right to redeem by his own fraud and laches.   Rev.
Sts. *c.* 73, § 27.

*Bacon & Dewey*, for the respondents.   The deed of Tourtel-
lot to Elliott was a simple quitclaim and release of a portion
of the land, and did not transfer any right to the payment of the
redemption money.   1 Hilliard on Mortgages, 338.   *Wilson* v.
*Troup*, 2 Cow. 195.   *Wade* v. *Howard*, 6 Pick. 492, and
11 Pick. 289.   *Hunt* v. *Hunt*, 14 Pick. 374.   *Freeman* v. *M' Gaw*,
15 Pick. 82.   *Wyman* v. *Hooper*, 2 Gray, 141.   *Weeks* v. *Eaton*,
15 N. H. 148.

Balcom was not obliged to join Elliott as a defendant in
his bill for redemption.   The statute does not require the debtor
to bring his bill in equity for redemption against all the parties
to whom different portions of his estate may have been con-
veyed by his creditor.   And the provisions for a tender by the
debtor of the sum due for redemption are wholly inconsistent
with the idea of a tender.to each grantee of his creditor.   Rev.
Sts. *c.* 73, §§ 24–30, 46, 47.

Even if Elliott has a right to a portion of the redemption
money, he is not entitled to a bill of review for a revision of the
decree.   Story Eq. Pl. § 413.   But his claim must be against
Tourtellot.

SHAW, C. J.   The deed from Tourtellot to Elliott was a
good conveyance as between the parties, and vested a titie in
the grantee, subject to be defeated upon redemption.

Upon the question whether, against the consent of the person
entitled to redeem, the creditor can assign the estate liable to
redemption to two or more persons in distinct parcels, so as to

oblige the party entitled to redeem to make more than the cred-
itor or one single assignee parties on a bill to redeem, we give
no opinion.

But in the present case the defendant did make the three
original defendants parties, on the ground, set forth in his bill,
that they severally held different proportions; and prayed that,
on bringing in the money, the court would determine the
amount due and to whom it was payable; and the plaintiff
himself prayed a writ of seisin against all of them. The decree
should have stated to which of the defendants, and in what pro-
portions, the redemption money should be paid over. The
plaintiff did not, as he might have done, pray for a simple de-
cree that, on bringing the money into court, he should have a
writ of seisin, without any decision as to the parties to whom
the money should be paid, leaving the parties entitled to come
before the court for a decree directing the mode of distribution
of the redemption money.

The decree actually entered, by which Elliott was wholly ex-
cluded, appears now to the court upon the evidence to have
been wrong, and as it farther appears that such decree was en-
tered by the fraud and collusion of Balcom and Tourtellot, by
which Elliott was deceived, and that this did not come to the
knowledge of Elliott till after the decree was entered, justice
requires that the decree, so far as it ordered all the money to be
paid to Tourtellot, should be set aside. We think that there
is sufficient ground for an order that the petitioner have leave
to file a bill of review against Balcom and Tourtellot.

On the filing of such a bill of review and an answer, and
issue tried thereon, all the facts directly put in issue and found
on this petition are to be considered as proved. *Outram* v. *More-
wood,* 3 East, 346.

Upon such hearing, it would be competent for the court, if
the decree sought to be reversed has been partially executed, to
make such decree as to restore the parties to their just rights.

Probably if that part of the decree relating to Davis is satis-
factorily disposed of, the course will be to order that Tourtellot
pay into court the amount taken out, or such part thereof as

may be necessary; and, unless otherwise decided, the case must be referred to a master to ascertain Elliott's proportion, preparatory to a decree that the just amount of his due shall be paid to him. *Leave to file a bill of review granted.*

On the 28th of March 1859 Elliott and Lovan B. Davis filed their bill of review, setting forth the facts stated in the petition and the proceedings upon the petition. Balcom and Tourtellot in their answers admitted the previous proceedings, as stated in the bill, denied all fraud and all connection with Sheldon, denied that Elliott was entitled to any share in the redemption money, and alleged that Mrs. Davis had no cause for a review, because they had tendered her a conveyance and she had released to them her cause of action or review. The plaintiffs filed a general replication, and the defendants moved that the issues of fact should be submitted to a jury.

*Bigelow,* J. overruled the motion for a trial by jury; and upon a hearing admitted as evidence the finding of the court upon the petition, and, upon the authority of the opinion of the full court, ruled that it was conclusive evidence of the facts so found; and also found as matter of fact upon the evidence that Mrs. Davis did not execute the release alleged; and reserved all questions of law for the consideration of the full court, before whom they were argued at October term 1860.

*Bacon & Dewey,* for the defendants in review. The question submitted to the court upon the petition to file a bill of review was simply whether it was proper that a bill of review should be granted; and the evidence then introduced was for the purpose of informing the discretion of the court upon that question, and the finding of the court was conclusive upon that only, leaving the whole case open on the facts at issue upon the bill of review, answers and replication. *Dexter* v. *Arnold,* 5 Mason, 303. Story Eq. Pl. §§ 412, 420, 834. Mitf. Eq. Pl. 89, 292. Coop. Eq. Pl. 304. Beames Pleas in Eq. 307. 3 Dan. Ch. Pract. 1727. *Livingston* v. *Hubbs,* 3 Johns. Ch. 124. *Burch* v. *Scott,* 1 Gill & Johns. 393. *Hollingsworth* v. *M'Donald,* 2 Har. & Johns. 230. *Mayesback* v. *Fauntleroy,* 3 J. J. Marsh.

536. *Jenkins* v. *Prewitt,* 5 Blackf. 7. *Clapp* v. *Thaxter,* 7 Gray, 384.

The court should be governed by the analogy between writs of error and petitions for and writs of review in actions at law, and petitions for review and bills of review in equity. Writs of error and bills of review as of right are strictly analogous, granted for error appearing on the face of the judgment or decree. When a review is sought on the ground of new facts, or facts, existing at the time of the judgment or decree, which could not with due diligence have been discovered, a writ of review or bill of review can only be granted on petition. Upon a writ of review the whole matter is open anew; and the effect of granting a review is simply to give the petitioner an opportunity to be heard. *Brewer* v. *Holmes,* 1 Met. 291. Rev. Sts. *c.* 99. Gen. Sts. *c.* 146, §§ 19–37. This analogy should be carried out upon a bill of review, and the court, having allowed the original defendant an opportunity to come in and be heard, should allow the plain-tiff also to be heard upon the merits. Where there are no stat-utes limiting appeals and bills of review in equity, the courts from analogy adopt the limitations of writs of error and actions at law. *Smith* v. *Clary,* Ambl. 645, and 3 Bro. C. C. 639, note. *Thomas* v. *Harvie,* 10 Wheat. 146.

Great evils would arise and great injustice be done by holding that on a petition for review all matters of fact in the original bill as to which issues might arise should be fully heard and finally decided. In a case where it is apparent from an exam-ination of the original bill and the petition for a bill of review, that there are various facts in controversy upon which issues should be framed to a jury, when and how are they to be framed, and to what purpose, if the finding upon the petition is conclusive? The court have no authority to frame an issue for a jury upon a petition.

The motion for a trial by jury upon the issues of fact should have been granted in the exercise of a sound discretion, if not as of right. Declaration of Rights, art. 15. *Charles River Bridge* v. *Warren Bridge,* 7 Pick. 367, 370. The questions of Elliott's agreement at the time of Tourtellot's conveyance to him, of

fraud and collusion between the defendants and Sheldon, and whether Mrs. Davis's release to Tourtellot was obtained by fraud, and as to the execution and contents of a release from Mrs. Davis, were peculiarly fit for a jury.

*Washburn & Hoar*, for the plaintiffs in review. There was technical error in the original proceedings, but as the error was not apparent upon the record, the petitioners could not be allowed to avail themselves of it, unless, on hearing all the facts, the court should deem it equitable. The court having done so on the petition, and granted leave to review, the question whether it was equitable that a review should be granted was conclusively settled by that finding; and it being now conceded in the answers that Lovan B. Davis was a married woman, whose husband was not joined in the original bill, the decree must be reversed. On a petition for a certiorari or mandamus, the court decide, and decide finally, whether the public good requires the fault to be corrected.

As this was a hearing in equity by one judge with full equity powers, it was wholly within his discretion whether to send the issues to a jury or decide them himself. 2 Dan. Ch. Pract. (Amer. ed.) 1285–1291, & notes. *Ward* v. *Hill,* 4 Gray, 595. *Le Guen* v. *Gouverneur,* 1 Johns. Cas. 500, 506. *Dale* v. *Roosevelt,* 6 Johns. Ch. 257. *Townsend* v. *Graves,* 3 Paige, 457. *Trenton Banking Co.* v. *Woodruff,* 1 Green Ch. 132. *Hedley* v. *Board of Commissioners,* 4 Blackf. 116. *Tappan* v. *Evans,* 11 N. H. 334. *Whalley* v. *Whalley,* 3 Bligh, 16. His power in this respect is not restricted by art. 15 of the Declaration of Rights, or by Gen. Sts. *c.* 113, § 22. *Charles River Bridge* v. *Warren Bridge,* 7 Pick. 367–369. *Parsons* v. *Armor,* 3 Pet. 413. No motion for a jury trial having been made till after the decree granting a bill of review, it was too late to claim it at this hearing. *Belknap* v. *Trimple,* 3 Paige, 601. *Marston* v. *Brackett,* 9 N. H. 350. *Gilmore* v. *Patterson,* 36 Maine, 544. *Dwinel* v. *Perley,* 38 Maine, 509.

By the Court. The finding of the court on the hearing of the petition for leave to file a bill of review is conclusive only to this extent, viz : that it was a sufficient ground for review and for reversal or amendment of the decree entered in the original

suit, if it should be proved that Lovan B. Davis was under coverture, and that the money paid for redemption of the estate on the original bill was taken by Tourtellot through fraud and collusion between him and Balcom as stated in the petition for the bill of review.

This was the real and only issue on the petition. The inquiry then was, not whether the facts alleged as the ground for review were fully proved, but whether sufficient evidence was offered in support of the allegations to warrant the court in granting leave to the petitioner to file his bill of review. The granting of such a bill, for causes not apparent on the face of the record, is not a matter of right, but rests in the sound discretion of the court. There may be cases where the facts, if admitted or proved, would ordinarily form sufficient ground for review, yet, looking at all the circumstances, a court of equity, out of regard to the rights of innocent parties, would withhold its consent, and refuse to give a party the privilege of reversing a decree by means of a bill of review. Story Eq. Pl. § 418. *Dexter* v. *Arnold*, 5 Mason, 315. *Thomas* v. *Harvie*, 10 Wheat. 146. Undoubtedly the real merits of the case were very thoroughly examined on the hearing on the petition; but the adjudication made thereon cannot be extended beyond the issue which was then before the court. As this embraced only the question whether sufficient grounds were shown which, if proved, would be good cause for review, it follows that the finding of the court on that question was not conclusive, nor was it evidence of the facts set out in the bill of review. These facts, so far as they are put in issue by the answers to the bill of review, are now open to full inquiry and investigation on a hearing of the issues raised by the bill of review and the answers thereto.

The defendants are not entitled to trial by jury of the issues raised by the bill and answer. 1st. Because the decision of a single judge on that point is not usually open to revision by the whole court. 2d. The case is a complicated one involving many disputed and intricate facts, and can be best tried and determined by the court. 3d. The subject matter embraced in the bill of review and answers relates mainly to the disposition

of the redemption money paid into court in the original bill; and was not a matter which could properly be submitted to a jury in the original suit, but was for the determination of the court. It cannot now be tried by a jury in this proceeding, which is only an ulterior step in the case as presented by the original bill and answers.

The question of a release of all errors and all rights under this suit by Lovan B. Davis since the commencement of these proceedings, having been already heard and determined by a single judge, is not to be again opened or reheard.

*Case to stand for hearing.*

The cause was heard at April term 1861, before *Metcalf*, J., reported on the evidence to the full court, argued by the same counsel at October term 1861, and sufficiently appears in the opinion

BY THE COURT. The decree entered in the cause was technically erroneous. This was decided by the court upon the petition for leave to file the bill of review, and is apparent upon the hearing on the review. Upon this hearing, it further appears, on the allegations and testimony of Tourtellot and Sheldon themselves, and without giving effect to any evidence which contradicts their statements, that Elliott gave a valuable consideration for the land conveyed to him, and that it was agreed that he should take the risk of the redemption; and that if the land should be redeemed, the whole of the money should be paid to and belong to Tourtellot. The effect of a redemption under such an agreement would be the entire loss by Elliott of the whole consideration which he had paid for the conveyance. It is manifest therefore that, in taking the risk of a redemption, it must have been intended and understood to be a redemption by the owner of the right to redeem *in invitos,* by the actual tender and payment of the whole money payable to redeem; and that Elliott must have relied upon the chance that so large a sum would not actually and in good faith be raised and paid over within the time allowed by law or fixed by a decree of court, and that he had a right to all the benefit of this contin-

gency.  Under such circumstances, we think it would manifestly be a fraud on Elliott for Tourtellot to make any separate bargain or arrangement to facilitate the redemption, especially a bargain (such as was in fact made) the effect of which would be that only Elliott's share of the land should be redeemed without the payment of any money, taking a release of the rest of the land to himself and Sheldon as an equivalent and substitute for the payment of money.  And we are of opinion that the apparent right of Elliott to a part of the redemption money, on the face of the transaction, as shown by the state of the record title, was sufficient notice to Balcom, and should have put him upon inquiry, by which he would have learned that such an arrangement was a fraud on Elliott, and that Tourtellot had no right to make it.  As against Tourtellot and Sheldon, Elliott has now the right to insist that such a redemption cannot be made; and so far as they stand in the place of Balcom, it ought not to be permitted.

But Balcom, by his conveyance to Tourtellot and Sheldon, has put it out of his power to make a *bona fide* redemption of the whole estate by the independent payment of the whole purchase money, as he originally might have done.  Such an arrangement as Tourtellot made under the erroneous decree would have equitably deprived him of all right to receive the share of the redemption money belonging to the part of the estate which had been conveyed to Elliott.  The court are therefore of opinion that, as in the present state of the title a redemption by Balcom would be in substance a redemption for the benefit of Tourtellot and Sheldon, to which they are not entitled; and as the conveyance by Balcom to them has put it out of the power of Balcom to proceed with his suit for the redemption, in the manner and with the effect in which it might originally have been prosecuted; Balcom is not entitled to redeem against Elliott — that being the only redemption which Balcom's conveyance to Tourtellot and Sheldon has left practicable; and that the decree must be for the dismissal of the original bill with costs for Elliott on the bill of review.

*Decree accordingly.*