GOULDING FERTILIZER COMPANY, A CORPORATION, *Plaintiff in Error,* v. ED. WATTS, *Defendant in Error.*

1. In an action for personal injury caused by dangerous acids escaping from a cock or valve, a plea that the plaintiff assumed the risk of the operation of the cock with full knowledge of the *condition* of the cock, is subject to demurrer when the declaration alleges the dangers of the escaping acid and

there is no averment in the plea that the plaintiff knew of and appreciated or reasonably should have known of and appreciated the risks and probable consequences of the use of the cock in its then condition.

2. An employer is in law bound to know the dangers and risks to personal safety that are incident to the business in which he employs others, and if an employee does not know of and appreciate the risks of his employment, he does not assume them.

3. If the employer knew or reasonably should have known that an employee did not know of or appreciate the risks and dangers of the employment, and the employer does not duly advise the employee of the danger and risks, the employer may be liable for an injury proximately resulting from the employer's want of knowledge of the dangers.

4. Where an employee is inexperienced in hazardous labor that he is directed to perform and does not know of and is not duly informed of the dangers and risks of the employment he undertakes, the employer is liable for injuries proximately resulting from defects in the instrumentalities or appliances used when the injured employee knew of the defects but not of the dangers and risks that attended the use of the defective appliance and dangerous instrumentalities, where negligence of the employee does not contribute to his injury.

5. Where an inexperienced employee is without his fault injured by the unnatural or uncontrolled escape of acid from a leaking cock or valve he is operating, he may recover damages for injury even though he knew the cock leaked a little, if he did not know of the dangers of the acid that suddenly and with force escaped from the defective cock or valve and injured him.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*John C. Avery,* for Plaintiff in Error;

*R. P. Reese* and *J. P. Stokes,* for Defendant in Error.

WHITFIELD, C. J.—The declaration herein is as follows:

"The plaintiff Ed Watts, by his attorney, sues the defendant, The Goulding Fertilizer Co., a corporation, for that, to-wit:—

On the 26th day of January, A. D. 1911, at and in the County of Escambia, State of Florida, the defendant was possessed of, owned and operated a certain large and extensive fertilizer works, wherein it manufactured certain fertilizers for the wholesale trade in the manufacture of which it employed a large force of men: that, in the manufacture of said fertilizer, the defendant used a certain dangerous acid, which would on coming in contact with the person of human beings, cause serious bodily injury and perhaps death, all of which was well known to the defendant: and, that because of the dangerous nature and character of said acid, it became and was the duty of the defendant to use great care and diligence in and about the installation and maintenance of the tanks, pipes, cocks and other paraphernalia used by the defendant for the purpose of conveying said acid in and about its said factory and in controlling same, to the end that said tanks, pipes, cocks and other paraphernalia would be suitable, safe, and at all times in good condition, so that its employees could perform their duty to defendant in and about the handling of said acid with safety to themselves: That on the date aforesaid plaintiff was in the employ of the defendant, and as such employee of defendant, it became and was his duty to turn on a certain cock attached to a certain pipe leading from the tank in which defendant stored said dangerous acid, to the end that a

certain quantity of said acid might flow from defendant's said tank through the said cock and pipe, which said acid was to be used by defendant in the manufacture of the fertilizer aforesaid: That, when the desired quantity of said acid had flown from said tank through said cock and pipe, it became and was the duty of plaintiff, as defendants' said employee, to shut off said cock so that further flowing of said acid through said cock and pipe might thereby be discontinued; that, because of the negligence of the defendant said cock was worn out, eaten out by said acid, defective, unsuitable, and because of its defective and unsuitable condition, the said acid was permitted to come through said cock and fly into plaintiff's face thereby giving to him divers and sundry burns, discolorations and wounds on his person, and wholly destroy the sight of one of his eyes, and partly destroyed the sight of his other eye, whereby plaintiff is permanently disabled, and has suffered intense pain in body and mind, and has lost much time from his vocation and the consequent loss of earnings, and has been compelled to pay out and obligate himself for a large sum of money for Doctors and medical bills in and about the treatment of himself.

And the plaintiff claims ten thousand ($10,000.00) Dollars.

J. P. Stokes, Plaintiff's Attorney."

The following pleas were filed: (1) Not guilty; (2) that the alleged injury was contributed to directly by the negligence of the plaintiff in failing to close the said cock or valve with sufficient slowness when drawing acid; (3) that the operation by plaintiff of said cock or valve to permit the flow of acid was a part of plaintiff's duty as an employee of the defendant, the risk of which he assumed with full knowledge of the condition of said cock.

A demurrer to the third pleas on the ground that "the plaintiff did not assume the risk of the defendant's negligence by reason of his employment," was sustained. Replication was filed to the first and second pleas and the trial thereon resulted in a verdict and judgment for the plaintiff in the sum of $2,000.00 and interest from date of suit. A new trial was denied and on writ of error taken by the defendant errors are assigned on the order sustaining the demurrer to the third plea, on certain charges given to the jury and on the denial of the motion for new trial.

The third plea in effect avers merely that the plaintiff assumed the risk of the operation of the cock or valve with full knowledge of the condition of said cock. It was the duty of the defendant to know of the risks and probable consequences of the use of the cock in its then condition, in transmitting dangerous acid, and it was not the plaintiff's duty to know it, therefore the plea is defective in not averring that the plaintiff knew of and appreciated or reasonably should have known of and appreciated the risks and probable consequences of the use of the cock in its then condition. This being so there was, in view of the allegations of the declaration as to the dangers of the employment, no error in sustaining the demurrer to the third plea.

An employer is in law bound to know the dangers and risks to personal safety that are incident to the business in which he employs others, and if an employee does not know of and appreciate the risks of his employment, he does not assume them. If the employer knew or reasonably should have known that an employee did not know of or appreciate the risks and dangers of the employment, and the employer does not duly advise the employee of the danger and risks, the employer may be liable for

an injury proximately resulting from the employee's want of knowledge of the dangers. Where the employee is inexperienced in hazardous labor that he is directed to perform and does not know of and is not duly informed of the dangers and risks of the employment he undertakes, the employer is liable for injuries proximately resulting from defects in the instrumentalities or appliances used when the injured employee knew of the defects but not of the dangers and risks that attended the use of the defective appliances and dangerous instrumentalities, where negligence of the employee does not contribute to his injury. See German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Flowers v. Louisville & N. R. Co., 55 Fla. 603, 46 South. Rep. 718; 1 Labatt on Master & Servant Secs. 58, 235, 246 *et seq.*; Adams v. Grand Rapids Refrigerator Co., 160 Mich. 590, 125 N. W. Rep. 724, 19 Ann. Cas. 1152; Choctaw, O. & G. R. Co. v. Jones, 77 Ark. 367, 92 S. W. Rep. 244, 4 L. R. A. (N. S.) 837.

It appears that the plaintiff had been working for the defendant fertilizer manufacturing company in its yard, and that a day or two before the injury complained of the plaintiff was directed by the Superintendent to work the kiln and to make the niter charges in the building. His brother who was employed by the defendant company told the plaintiff what his duties were. The cock in use in the pipe that transmitted the acid in making the niter charges was in a leaking condition. It was turned on and off with a piece of iron. The plaintiff had turned the acid on and off several times without injury. As he was again turning the cock or faucet, he was injured by the acid escaping from the cock. The plaintiff was shown how to turn the cock off and on and he saw the cock leaking, but there is positive testimony that the plaintiff did not know of the danger and was not told of the risks

incurred from the escaping acid, and that the plaintiff was injured by the acid as it spurted with a good deal of force from the cock when he was turning it with care as he had done the several times he had used it, and that he was not accustomed to doing such work.

The fact that the acid escaped from the cock in an unnatural or uncontrolled manner, when it was being used is evidence that the cock was defective thereby rendering the defendant liable in damages for its injurious consequences if the plaintiff had not knowingly assumed the risks and was not guilty of contributory negligence. While the inexperience of the plaintiff may account in some measure for his not avoiding the injury, that inexperience does not impute fault to him when though he knew of the leak in the cock, he should have been but was not fully informed of the dangers from the escaping acid that he did not know of.

Risks of unknown dangers are not assumed by an employee.

There is no such showing of negligence on the part of the plaintiff as will preclude a recover as a matter of law. The verdict is not clearly contrary to the evidence.

The charges of the court were at least fair if not favorable to the defendant, and when considered as an entirety could not fairly be regarded as misleading in view of the testimony as to the plaintiff's inexperience and the lack of warning to him of the dangers he was liable to encounter in the new work assigned to him by the defendant's superintendent.

No other matters are presented for adjudication.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.