RALPH BRAND BY NEXT FRIEND, *Plaintiff in Error*, v. ATLANTIC COAST LINE RAILROAD COMPANY AND ATLANTIC LAND & IMPROVEMENT COMPANY, CORPORATIONS, *Defendants in Error*.

1. Where, in an action for a negligent personal injury, the declaration in effect alleges that the plaintiff, an employee, was about fourteen years of age; that he was without knowledge or experience in the dangerous work assigned to him by defendants; and that because of his youth and inexperience, he did not know or appreciate the risks and dangers of the employment, such allegations are essential elements in the cause, and a plea averring that the plaintiff was not free from fault, with other averments in support that do not make an issue as to the capacity of the plaintiff to appreciate the risks and dangers of the employment, is not good against a specific ground of a demurrer that "the said plea fails to charge or allege that the plaintiff was of sufficient age or understanding to appreciate any warning or danger communicated to him by language or appearance."

Brand v. A. C. L. R. R. Co.—Opinion of Court.

2.  While a sufficient warning of an employee as to the dangers of an employment is a duty imposed by law upon an employer, such warning does not relieve the employer of liability for an injury caused by the youth and inexperience of an employee put at a dangerous work by the employer.

3.  Whether a youth of about 14 years of age has capacity to appreciate the risks and dangers of the employment stated in the declaration so as to render him subject to the rule that contributory negligence bars a recovery, depends upon the age, the mental and physical attainments, the experience and other conditions affecting the conduct of the youth, as well as the character of the work and the circumstances of the injury.

4.  Where error in sustaining a plea apparently influenced the finding and sustaining of a verdict that is not supported by the evidence and the law applicable thereto, a new trial should be granted.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Hilton S. Hampton* and *A. H. King,* for Plaintiff in Error;

*Sparkman* & *Carter,* for Defendants in Error.

WHITFIELD, C. J.—In an action to recover damages for personal injuries there was verdict and judgment for defendant corporations and the plaintiff minor by next friend took writ of error.

The declaration alleges in effect that the plaintiff a minor aged about fourteen years was by his father hired

to the defendants to do light and simple work in a phosphate loading business, such as a child of his age could perform without risk or injury from the dangerous machinery employed at the plant where such business was conducted; that the plaintiff was without knowledge or experience in the doing of any kind of dangerous work, particularly the work to which he was subsequently put by the defendant; that the plaintiff engaged in light safe work for perhaps ten days when the defendants without authority from or knowledge of his father, directed the plaintiff to quit the light and safe work he was performing, to-wit: the cleaning of phosphate cars and to go down into the pit of said phosphate plant and to work in attending to the loading of the buckets on the endless chain used to lift the phosphate from the pit to the ships; that in doing said work plaintiff stood beside cogs used in loading, and put loose phosphate into the buckets as they passed; that while so engaged, plaintiff not being sufficiently advised of the risks and dangers of the employment, and not appreciating the same because of his youth and inexperience, attempted to walk across the cogs and buckets on a narrow board provided for that purpose by the defendants, which board because of the negligence of the defendants, was loose, insufficient, defective and dangerous; that such board tilted under the plaintiff whereby his foot was thrown against the cogs and seriously injured; that the same is a permanent injury to the plaintiff which has cost him great suffering and expense. Damages were stated and claimed. A demurrer to the declarations was overruled. The defendants pleaded not guilty, and also "for a second plea said defendant says that the said plaintiff was not free from fault when he was injured, as shown by the declaration, but on the contrary thereof says that it was the

duty of the plaintiff to exercise ordinary care, prudence and caution to prevent injury to himself, and that the said plaintiff did not exercise ordinary care, prudence and caution, but well knowing that there was a safe way of ingress and egress to and from the place where he was working, failed to use the same, and of his own volition attempted to step across the cogs mentioned in the said declaration, used in connection with the hoisting device also mentioned therein, after he had been warned of the danger in so doing; and after he had been fully shown and advised as to the manner of ingress and egress to and from said place; and in attempting of his own volition to step across the said cogs, caught his foot therein and received the injuries alleged in the said declaration; and the defendant avers that the plaintiff is estopped to demand or receive any compensation of or from the said defendant for his said injuries."

The second plea was demurred to on the following grounds:

"1st.　Said plea sets forth no cause of defense against the allegations contained in the declaration.

2nd.　The said plea fails to charge or allege that the defendant was of sufficient age or understanding to appreciate any warning or danger communicated to him by language or appearance.

3rd.　Said plea fails to deny the allegations in the declaration that the said passage way used by the plaintiff was placed there by the defendant for the purpose of being used by him.

4th.　Said plea fails to allege that the safer way referred to was a passage way prepared by the defendant for the use of its employees and was so used by them."

The demurrer to the special plea was overruled. Verdict and judgment were rendered for the defendant. A

motion for new trial was overruled, and on writ of error it is contended that the demurrer to the special plea should have been sustained; that erroneous charges were given, and that the verdict is contrary to the law and the evidence.

The averments of the plea in effect are that the plaintiff was not free from fault, and did not exercise ordinary care, prudence and caution; but that after he had been fully advised as to the manner of ingress and egress, the plaintiff well knowing there was a safe way of ingress and egress to and from the place where he was working, failed to use the same, and was injured as he voluntarily attempted to step across the cogs, after he had been warned of the danger in doing so.

These averments may be a sufficient defense where the person injured is of normal adult mental and physical capacity, knowledge and experience; but a different rule is applicable where the injured person is an inexperienced youth. See 29 Cyc. 583, 642, 655; Gaulding Fert. Co. v. Watts, 63 Fla. 155, 58 So. Rep. 363; Westbrook v. Mobile & O. R. R. Co., 66 Miss. 560, 6 South. Rep. 321, 14 Am. St. Rep. 587. The declaration alleges in effect that the plaintiff was about 14 years of age; that he was without knowledge or experience in doing any kind of dangerous work, and particularly the work at which he was put by the defendants, and that because of his youth and inexperience he did not know or appreciate the risks and dangers of the employment assigned to him by the defendants. These allegations are essential elements in the cause to be tried, and the averment of the plea that the plaintiff was not free from fault, and the other averments in support thereof, do not sufficiently make an issue as to the capacity of the plaintiff to appreciate the risks and dangers of the employment to which he was put by the

defendants, especially when a ground of the demurrer to the plea is that "The said plea fails to charge or allege that the plaintiff was of sufficient age or understanding to appreciate any warning or danger communicated to him by language or appearance." As a matter of fact an employee who is an inexperienced youth may not be free from fault when he is injured, yet in law his youth and inexperience may excuse his fault, and when the employer has placed him at work the dangers and risks of which the youth does not appreciate, and the youth is injured because of the dangers of the work, the employer is liable. While a sufficient warning of an employee as to the dangers of an employment is a duty imposed by law upon an employer, such warning does not relieve the employer of liability for an injury caused by the youth and inexperience of an employee put at a dangerous work by the employer. Whether a youth of about 14 years of age has capacity to appreciate the risks and dangers of the employment stated in the declaration so as to render him subject to the rule that contributory negligence bars a recovery, depends upon the age, the mental and physical attainments, the experience and other conditions affecting the conduct of the youth, as well as the character of the work and the circumstances of the injury. These matters when properly presented in the pleadings are for the determination of a jury under proper instructions from the court as to applicable provisions and principles of law, subject to such appellate review as is provided by law. See Labatt on Master & Servant, Secs. 18, 244; Railroad Company v. Fort, 17 Wall (U. S.) 553; Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792; Goulding Fert. Co. v. Watts, 63 Fla. 155, 58 South. Rep. 363; German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740.

In view of the allegations of the declaration, the averments of the special pleas do not constitute a defense sufficient in law as against the specifications of the demurrer, therefore, the demurrer should not have been overruled.

The error involved in the ruling sustaining the plea seems to have influenced the trial judge throughout the trial, causing him to sustain a verdict on the plea, which verdict perhaps would not have been rendered, had the original error not been committed.

The judgment is reversed and a new trial awarded.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.