## SELF v. SINCLAIR REFINING CO.
### No. 7247.

Circuit Court of Appeals, Fifth Circuit.
April 7, 1934.

Hilton S. Hampton, of Tampa, Fla., for appellant.

R. W. Withers, of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant sued appellee to recover damages for negligently causing the death of her son. The District Court sustained a demurrer to a second amended declaration, denied leave to amend further, and entered judgment final on the demurrer. These rulings are assigned as error.

The declaration is in four counts. Allegations common to all the counts are to the following effect: Appellee maintained a plant for the storage of oil and gasoline, and in connection therewith a large tank with a floating roof for the storage of gasoline. As gasoline was pumped out of the tank, the roof went downward inside and was forced up when the tank was being filled with gasoline. When the tank was being filled, it was necessary to have some one on its top to release the roof when it jammed against the tank as it frequently did. For the purpose of enabling employees to reach the roof from the tank, a stairway was provided by appellee. When an employee went down the stairway onto the roof, he was placed in a position of peril by reason of the fact that he was thereby exposed in a partially inclosed place to the fumes of gasoline. Appellant's son, George B. Self, age 24, was employed by appellee as a laborer. His usual work was in the yard at the plant. He was inexperienced in and. did not appreciate or know the extent of the peril incident to employment on the roof of the tank. While so employed, he was directed by appellee's superintendent or foreman to at-

950

tend to the floating roof at night as the tank was being filled with gasoline. While acting in obedience to this order, he was overcome by the fumes of gasoline with the result that he died after being removed from his place of work. In order to show her right to maintain the action, appellant also alleged in each count that she was the deceased employee Self's mother; that she was 54 years of age; that the deceased left surviving him neither widow nor minor child or children; that she was dependent on him for support and had received such support during his lifetime. The negligence complained of, and the relation it bore to the accident, was stated separately and differently in each count. The first count is based on appellee's failure to furnish Self with a helper or assistant in order that, in the event of his being overcome by the fumes, he could be removed and his life saved; and it is alleged that he was so overcome as he went down the stairway. The second is based on the failure to supply a watchman to remain nearby, and alleges that Self was directed to go up onto the tank but omits to state that he did so. The third complains of the failure to have some one inspect the tank at reasonable intervals, and alleges that Self, while he was working alone on the roof of the tank, was left without protection or attention for more than two hours. The fourth rests upon the withdrawal of an assistant after one had been furnished. It does not allege in so many words that the assistant left, but does state that he was directed to perform other work elsewhere and that Self was left alone for an hour on top of the tank before he was removed. The demurrer was based on the grounds that the declaration (1) fails to allege sufficient facts to show appellant's dependency on decedent for support; (2) fails to show any causal connection between the negligence alleged in any of the several counts and the accident; and (3) discloses on its face the assumption by Self of an obvious risk of his employment.

The allegations as to dependency are substantially in the language of the statute. C. G. L. Fla. § 7048. In our opinion they are sufficient as against a general demurrer. In Florida special demurrers have been abolished and only defects of substance may now be reached by general demurrer. Only ultimate facts need be alleged. If the objection be merely to the manner of pleading such facts, or that they are so generally stated as to prejudice or embarrass the opposing party in preparing or making defense against them, the remedy is by motion to strike or for compulsory amendment. Camp v. Hall, 39 Fla. 535, 568, 22 So. 792; German-American Lumber Co. v. Brock, 55 Fla. 577, 46 So. 740. The allegation that appellant was dependent upon the decedent for support necessarily means that she was unable to support herself by reason of poverty. It was unnecessary for her to allege how her poverty came about or was caused. It would only be pleading evidence to allege illness, inability to work or to secure employment, or any other reason for her financial condition. Duval v. Hunt, 34 Fla. 85, 15 So. 876, strongly relied on by appellee, is not in point, as the court was there discussing the sufficiency of the evidence and not of the pleadings. This is apparent from the fact that there was no demurrer to the declaration.

Upon the second question raised by the demurrer, that is, whether there was any causal connection between any negligence alleged and the accident, it becomes necessary to consider the counts separately. In our opinion it was not error to sustain the demurrer to the first and second counts. In the first there is no averment of negligence because of appellee's failure to have at hand the means of rescue, and it is not alleged that a helper or assistant could have saved Self's life. If Self was overcome as he went down the stairway, it is a fair inference that a helper or assistant in attempting to go to his rescue would have suffered a like fate. The omission in the second count of an averment that Self went upon the tank or roof in obedience to instructions given makes that count bad. We think the last two counts are good. It appears from the third that Self was alive and working on the roof of the tank for more than two hours. It is for the jury to say whether in the exercise of reasonable care an inspection should have been made during that period, and also if made whether, under the facts to be developed at the trial, death by asphyxiation could have been avoided. It fairly appears from the fourth count that the employee charged with the duty of going to Self's assistance if he should become suffocated was withdrawn and sent by appellee to perform other duties, leaving Self alone on top of the tank. In view of this, it is hard to understand how it can be argued, as it is, that it is not alleged either that the fellow-employee absented himself or that Self was left alone on the top or roof of the tank.

Assumption of risk is a matter of defense in the absence of averment or proof

by the plaintiff that the employee knew of and appreciated the risk. Arnold v. Texas Co., 77 Fla. 301, 81 So. 462; Wilson & Toomer Fertilizer Co. v. Lee, 90 Fla. 632, 106 So. 462. The employer is conclusively presumed to know the dangers and risks to which he subjects his employees. Goulding Fertilizer Co. v. Watts, 63 Fla. 155, 58 So. 362. Here the declaration alleges that the decedent did not know or appreciate the danger or risk to which he was exposed, and it was not subject to attack upon this last ground of the demurrer.

Appellant should be permitted to amend the first and second counts of her declaration, and also to make any other amendment she sees fit at any time before the case is finally submitted to a jury. It is not a commendable practice to enter judgment final on demurrer to the declaration without first giving the plaintiff further opportunity to amend. Whether it is ever a permissible practice, it is not now necessary to decide.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.