BONNER AND EDDY V. W. J. BEAN.

No. 3088.

1. **Master and Servant — Due Care.** — Suit by a switchman for damages for injuries received by him when in employ of the defendants, receivers, etc., in attempting to couple cars furnished with antiquated and dangerous *deadwoods*. It was proved that in entering the service of defendants he was furnished with a coupling knife for use in coupling. *Held*, it was admissible to prove by the plaintiff and other witnesses that "it was not customary for employes to use the coupling knife furnished by defendants; that they were never used in coupling cars, and that they were dangerous."

2. **Same—Contract by Servant as to Care.**—The duty of the plaintiff to use due care was not greater by reason of the express stipulations of his contract than it would have been without them. If making the coupling with the knife would have removed the danger, it would have been his duty to use it independently of the contract. If its use would not have removed the danger then his mere failure to comply with his contract should not prevent his recovery. Defendants could not shield themselves from the consequences of their negligence by any form of contract.

3. **Sufficient Testimony.** — The evidence being contradictory as to whether the coupling apparatus was unusually dangerous, and as to the knowledge by plaintiff of the defect, and there being testimony if believed to sustain a recovery by plaintiff, the verdict will not be set aside as without or in conflict with the testimony.

4. **Verdict Not Excessive.** — A switchman recovered $5000 damages for injury, his hand having been mashed; one of the fingers had to be amputated, the others except the thumb are stiff and have no grip, the hand being still painful and its usefulness permanently injured. *Held*, that the verdict though large will not be set aside for that reason.

APPEAL from Harris. Tried below before Hon. James Masterson.

This is a writ of error from a judgment for $5000 damages for personal injuries suffered by plaintiff while in employ of the defendants and through the negligence of the defendants.

The facts are given in the opinion.

*Ford & McComb*, for plaintiffs in error.—1. A party to a contract who willfully violates the same can not recover damages for injuries received in the act of violation. Sedgwick v. Railway, 76 Iowa, 340; 2 Thomp. on Neg., 1061; Hutch. on Carriers, sec. 241.

2. An employe of the company who violates the laws, rules, and regulations of said company, and especially those stated in his contract, can not recover damages for injuries received while performing his work in a manner directly in violation of the requirements of his contract and the rules and regulations of said company. Wood's Mast. and Serv., sec. 419; Pinkerton v. Railway, 70 Texas, 226; Railway v. Whitcomb, 12 N. E. Rep., 380; Gordin v. Railway, 31 N. W. Rep., 44; Dowacutts v. Railway, 2 S. E. Rep., 511; Whitaker's Smith on Neg., 132–136.

3. The court erred in refusing to grant the defendants a new trial on the grounds set out in defendants' motion for a new trial, that the

verdict of the jury was contrary to the law, as given in the charge of the court. [See opinion.] Railway v. Ryon, 70 Texas, 56; Pilkinton v. Railway, 70 Texas, 226; Railway v. Faber, 63 Texas, 344; Railway v. Faber, 77 Texas, 153.

4. A judgment for damages will be reversed where it clearly appears from the evidence that the verdict is excessive, or where there is no evidence or not sufficient evidence upon which to base the verdict. Rev. Stats., 1472; Sims v. Chance, 7 Texas, 561.

*Brady & Ring,* for defendant in error.—1. A rule pretended for the protection of employes which, with the knowledge of the employer, is habitually and universally ignored by the former, will be presumed not intended for enforcement. Railway v. Scott, 71 Texas, 709.

2. If the act of disobedience was not the proximate cause of the accident, and in no way contributed to produce the accident, then the fact of disobedience is immaterial. Railway v. Ryan, 69 Texas, 669.

3. The verdict of the jury was correct and in response to the charge, because there was not a particle of evidence tending to show that the accident might not have occurred had a coupling knife been used. Railway v. White, 76 Texas, 103; Railway v. Dorsey, 66 Texas, 149; Railway v. Callbreath, 66 Texas, 529; Railway v. Garrett, 73 Texas, 262.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the defendant in error to recover damages for personal injuries received by him while in the employment of the defendants, as a railway switchman. Judgment upon the verdict of a jury was rendered in his favor for $5000.

His petition charged that he was attempting to couple at night two cars known as "Waters Pierce oil" cars; that said cars had on their ends projections known as deadwoods, which consisted of pieces of iron bolted to the ends of the cars, and were so arranged as to come close together when the cars are coupled; that such deadwoods were at the time of his injury obsolete on all well regulated railways, having been discontinued because they had been found to be exceedingly dangerous to the lives and limbs of employes; that the drawhead of one of the cars was broken; that he did not discover that the drawhead was broken or that the cars had on them the deadwoods; that he had no opportunity to make such discovery and no warning thereof was given him before he was injured; that he had never before seen a coupling apparatus of that description or anything similar to it; that while attempting to make the coupling his hand was caught between the deadwoods and mashed, the fingers being cut completely off; that the defendants were guilty of negligence in failing to warn him of the unusual and

dangerous character of said coupling; which negligence was the proximate cause of the injury, to his damage, etc.

The defendants filed a general demurrer which the court overruled without committing an error.

The defendants also pleaded a general denial, and that plaintiff's injuries were caused by his own negligence.

The plaintiff testified that he was ordered to make the coupling and had barely time to reach the proper position and turn around when the cars came together, and that he did not observe the construction of the cars; that if the deadwoods had not been on the cars he would not have been hurt; that he had been in the railroad business for several years and had worked for a number of railroads in Texas and did not remember to have ever before seen cars with such deadwoods; that he was never warned or notified with regard to coupling buffers; that he had before seen the Waters Pierce oil cars but that they did not have such deadwoods.

On cross-examination plaintiff was shown a coupling knife and testified as follows with regard to it: "I was supplied with one to make couplings with. I signed for one but they did not tell me what to do with it. I saw by the name on it that it was Bishop's car coupler. I never saw a man use one. I never read the receipt that I gave for it. The receipt I see now makes me agree to use the knife as a car coupler. I never saw a man using one during the eighteen days that I worked for the defendants. The foreman and the yard master sometimes saw me and other men make couplings without using the knife. If I had used the knife to make the coupling my arm would have been caught between the bumpers. I consider the knife a dangerous thing to use. I would have considered it more dangerous to have used this knife than to have been without it."

Appellants assign and insist upon the following error: "The court erred in admitting before the jury, over defendants' exceptions and objections, the evidence of plaintiff W. J. Bean and witnesses for plaintiff John Riordan and S. G. Hobbes, 'that it was not customary for employes to use the coupling knife furnished by defendants and required to be used, and they were never used in coupling cars, and that they were dangerous,' because plaintiff had testified that when he entered the employment of defendants he contracted in writing to use the coupling knife such as the one exhibited on trial whenever he undertook to couple cars for the defendants' company; and that he had also testified that at the time he was injured he was attempting to couple two cars of the defendants and did not use the coupling knife furnished by defendants; and because such facts so offered to be proved by plaintiff were immaterial and would not have the effect to nullify the contract made by the plaintiff to use said coupling knife, nor in any way justify the plaintiff in not using said knife."

We think that the evidence was properly admitted. The duty of the plaintiff to use due care in the discharge of his duty was not greater by reason of the express stipulations of his contract than it would have been without them. If making the coupling with the knife would have removed the danger it would have been his duty to make it in that way, independently of the express stipulations of the contract. If the use of the knife would not have removed the danger then his mere failure to comply with his contract should not prevent his recovery. The defendants could not shield themselves, directly nor indirectly, from the consequences of their negligence by any form of contract. The evidence objected to tended not only to prove that the plaintiff was not guilty of contributory negligence by not using the knife, but that its use would have increased the danger; and the same may be said of the evidence that it was not customary to use the knife.

Appellants assign the following error: "The court erred in refusing to grant the defendants a new trial on the grounds set out in defendants' motion for a new trial, that the verdict of the jury was contrary to the law as given in paragraphs Nos. 1 and 2 of the charge of the court."

Paragraphs Nos. 1 and 2 of the charge of the court read as follows: "If the proof satisfies the jury that plaintiff exercised all the care and skill that he reasonably should have done, and that without fault or negligence on his part he was injured by reason of there being coupling apparatus of an unusually dangerous character; if you so find the facts to be, and if he did not know of such coupling, and if he could not by the use of reasonable and proper care have discovered it, then find for plaintiff and assess his damages.

"On the other hand, if plaintiff himself was negligent in the manner of making the coupling, or through his own want of skill, or if the plaintiff had been furnished with a coupling knife and if he had used it as it was designated to be used, that his injuries would probably not have occurred, then find for the defendant company."

The evidence was conflicting on the points referred to in the charge. Upon every issue the plaintiff introduced sufficient evidence to support the verdict if the jury gave credit to it rather than to that of the defendants.

The charge is not complained of, and the verdict not being without evidence to support it, will not be disregarded by us.

Appellants complain that the verdict was excessive and not warranted by the evidence. The evidence shows that one of the fingers of plaintiff's hand was amputated at the middle joint and that it will have to be yet entirely amputated; that the other fingers except the thumb on the same hand are stiff and drawn and have no grip; that the hand is still painful and its usefulness permanently impaired.

While the verdict seems large, it is not so large as to make it proper for us to disturb the judgment for that reason.

The judgment is affirmed.

*Affirmed.*

Delivered March 6, 1891.