### Ritchie & Co. v. William Krueger.

1. Personal Injuries—*Recoveries by Persons Under the Age of Discretion.*—Where a minor sixteen years of age, is injured by doing that which to a person of ordinary intelligence is obviously very dangerous, and where such injury is occasioned by his doing that for which there was no necessity, as he could have easily stopped the machine at

which he was working and thus avoided the injury, there can be no recovery.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed July 2, 1902.

**Statement.**—William Krueger, appellee, a young man in his sixteenth year, was working for appellant, W. C. Ritchie & Company, operating a paper box machine, commonly called a slitter.

Appellant was in the business of manufacturing pasteboard boxes, or paper boxes; their factory was located on the fourth floor. In addition to the slitter machine, the factory had also several other kinds of machines for cutting and manufacturing pasteboard or paper boxes. On two of these other machines appellee had worked prior to undertaking the work on the slitter machine. The first of these was called a corner machine, and its operation was attended with danger to the hands or fingers of the operator and required care to avoid injury. The second machine was called a punch machine, and while Krueger worked on this it was also attended with danger to his hands or fingers, and likewise necessitated care on his part to avoid injury to those members. After this he took up work on the machine by which he was injured, and for about three weeks before his injury had worked on this. His injury was occasioned by getting his right hand into the knives that were intended to cut the pasteboard.

The machine consisted of a table, along the rear edge of which were two parallel shafts or axles, on each of which were circular steel knives fitting around the axle with sharp outer edges furnishing cutting surfaces. These shafts or axles were turned by steam power in such way that a piece of pasteboard placed against these articulating knives, on the front or table side, would be drawn through in the way that a piece of cloth is drawn through a wringing machine, and the knives would cut the cardboard in such widths or strips as might be desired, the knives being ad-

justable on the shaft at different distances so as to allow a wide or narrow strip of pasteboard to be cut as the operator desired. The feed-board was equipped with a guard about an inch or two in height which extended across the table. The gauge could not go nearer than two or three inches of the knives. When a piece of pasteboard went through the knives, it fell in a box at the rear, and required no further attention.

Just before the injury, a piece of pasteboard had gone into the knives crooked instead of straight. At the same time, according to the claim of appellee, the motion of the knives slacked up somewhat because of a rip in the belt. Without throwing the machine out of gear, appellee reached in for the piece of pasteboard that was going in crooked to pull it back and straighten it. Just as he took hold of it, the traction of the machine suddenly drew it on through, and his right hand went into the knives, one knife going on each side of his third finger, injuring the middle joint of that finger so that it is stiffened and cutting into the hand toward the palm about an inch. Appellee testified that he could have walked over to the end of the machine, taken hold of the belt-shifter, shifted the belt and stopped the machine; that he had frequently used the belt-shifter. He had before the injury been instructed how to use, start and stop the machine.

There was verdict and judgment for the plaintiff for two thousand dollars.

O. W. DYNES, attorney for appellant.

CHARLES S. BURTON and DONALD C. CATLIN, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The injury was not occasioned by defect in the machine or anything connected with it, upon which appellee was working. Appellee, in order to remove a piece of cardboard that was clogged, put his hand within reach of the revolving knives and was cut by them. He was of an age

to know, and says that he knew that if his hand came within reach of the knives it would be cut. He was not injured by an operation or movement of the machine which he did not understand or could not reasonably have expected.

The rule as to the assumption of risks by a minor is not that which exists as to an adult. Jones v. Roberts, 57 Ill. App. 56; C. & A. Ry. Co. v. Becker, 76 Ill. 25.

In the present case appellee was injured by doing that which to a boy of ordinary intelligence, sixteen years old, is obviously very dangerous. His injury was also occasioned by his doing that for which there was no necessity. He knew that he could easily stop the machine and without risk remove the cardboard.

It is urged that the belt was out of order and that thereby the machine was made to revolve unevenly and that the clogging was due to this. Even if this were established, it does not appear that appellee would have been injured had he not put his fingers into the space wherein revolved the knives; neither the belt, nor the clogging, was the proximate cause of the injury. The proximate cause of an accident is that from which, in conformity to well known laws, the accident resulted. An injury must proceed in an ordinary, natural sequence from the negligence complained of, or a recovery can not be had. Wharton on Negligence, Sec. 97; Cooley on Torts, 73.

Counsel for appellee insist that he was and is of so low a grade of intelligence that he did not understand the danger incurred in putting his hand into the space wherein the knives revolved. There is nothing in the record presented here, tending to sustain this contention. Appellee, as a witness, spoke intelligently, for the most part grammatically, and with a manifest understanding equal to the average boy of sixteen years of age. The incident in his examination concerning his knowledge that he would be cut if he put his hand into the place where the knives revolve, reveals no lack of intelligence, but that he did not, in doing as he did, anticipate (know) that his hand would be cut.

That was self-evident. Intelligent men take risks every day, believing they will escape harm, while realizing the hazard. No one testifies that appellee was deficient in mental capacity or had not the usual intelligence of boys of his age.

The verdict of the jury is not sustained by the evidence. The judgment of the court is reversed and the cause remanded.