ABRAHAM COHEN *vs.* HAMBLIN AND RUSSELL
MANUFACTURING COMPANY.

Worcester.   October 4, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability. *Evidence,* Collateral issues: remoteness.

A boy fourteen years of age who has had the ends of two fingers cut off by a power press for cutting out wire gauze, which he had been operating for two days before the day of the accident, if he testifies, that he fully understood the operation of the machine, and that the superintendent warned him to look out for his fingers, and if, when the continued operation of the machine caused the muscles of his right leg to become numb and his eyes to become strained, he continued to work without mentioning these facts, cannot recover from his employer for the injury of which he assumed the risk.

In an action, by a boy fourteen years of age when injured, for the cutting off of the ends of two of his fingers by a power press for cutting out wire gauze, which he was operating, the plaintiff cannot be permitted to show, that in previous attempts to operate the machine by children of the age of the plaintiff the other children had been caught in the same manner as the plaintiff.

TORT, by a boy fourteen years of age when injured, for the cutting off of the ends of two of his fingers by a power press for cutting wire gauze, which the plaintiff was operating under the direction of a superintendent of the defendant. Writ dated June 22, 1903.

In the Superior Court *Gaskill,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*R. Hoar,* for the plaintiff.

*C. C. Milton & D. F. Gay,* for the defendant.

BARKER, J. The plaintiff was the only witness whose testimony was taken at the trial. He gave in evidence a full and accurate description of the machine in operating which he was hurt, and further testified that before the time of the accident he fully understood the operation of the machine. It was a stamping press and the risk of having the fingers of the operator caught was obvious. Besides this he testified that the superintendent warned him to look out for his fingers. The plaintiff was fourteen years of age and had been at work on the machine for two days before the day of the accident. There was no contention that the machine was in any way defective or out of repair. These undisputed circumstances seem to make a case in which the defendant was not at fault, and in which the plaintiff accepted an obvious risk of his employment. But the plaintiff after testifying that the continued operation of the machine in the manner in which the superintendent directed him to work it caused the muscles of his right leg to become numbed and his eyes to become strained, offered to show by other witnesses that in previous attempts to operate the machine by children of the age of the plaintiff the children had been caught while operating the machine in the same manner as the plaintiff, and there was an exception to the exclusion of this evidence.

Evidence of other like occurrences however similar was incompetent because raising collateral issues. *Kennedy* v. *Spring*, 160 Mass. 203. *Connors* v. *Morton*, 160 Mass. 333. When the Legislature has not made it unlawful to employ a certain operator upon a certain machine, the obligations of the employer and the rights of the employee must be determined by the application of the ordinary rules of law. The plaintiff gave no notice to any one that his leg was becoming numb, or that his eyes were strained, or that he in any way felt incompetent to prosecute his work with safety.

*Exceptions overruled.*