JAMES N. COONS AND EMANUEL G. GOLDFR, CO-PARTNERS, DOING BUSINESS AS VULCAN IRON WORKS, *Plaintiffs in Error* v. ROBERT B. PRITCHARD, A MINOR, BY HIS NEXT FRIEND, JOHN T. PRITCHARD, *Defendant in Error.*

Opinion Filed March 30, 1915.

On Rehearing April 27, 1915.

1. A minor whose employment requires him to handle dangerous or defective machinery assumes the risk of all apparent dangers he is capable of comprehending and avoiding.

2. Where an employer places a minor at work with defective or dangerous machinery, the dangers and risks of which employment the minor does not appreciate, and through a fault or error of his own sustains an injury while working at such machinery, the employer is liable in damages therefor if the fault of which the minor was guilty was such an act of commission or omission under the circumstances as the employer might reasonably have anticipated from a youth of the average intelligence.

3. A master should consider the age, mentality and lack of experience and capacity of his infant employes and fully instruct them as to the dangers incident to the particular employment in which they are engaged.

4. A declaration which alleges that the operation of a machine by the plaintiff, a minor, required the use of a "stick or similar instrument" to "keep the belt on the wheel and make it lie flat thereon while rapidly turning" and that the plaintiff used when he was injured a "large wrench" for that purpose, but that he was only fifteen years of age and did not by reason of his youth and inexperience appreciate the dangers of his employment, is not defective as showing contributory negligence on the part of the minor.

5. A shop rule which required the employees in a shop to report

any disorder or dis-arrangement about the machinery, in order that the power might be shut off before any attempt is made to correct or remedy such defect, may be waived by the employer. And knowledge on the part of the foreman in charge of the shop of a defect in machinery and acquiescence by him in the use of the machinery in its defective condition is tantamount to a waiver by the employer of obedience to the rule.

6. Admissions on the part of an infant who is plaintiff in an action to recover damages for injury to himself from the negligence of his employer, that tend to show the infant's knowledge of the dangers of his employment are admissible, when there is an issue on the question of the infant's mental capacity to appreciate the dangers of his employment.

7. A minor fifteen years of age employed in a shop where dangerous machinery is used is not conclusively presumed to be incapable of contributory negligence.

8. An admission on the part of a minor who was injured while using a defective machine that he "knew he should not have attempted to shift the belt in the way he did," is admissible as tending to show an appreciation by him at the time of the injury of the dangers incident to his occupation.

9. A motion to strike the testimony of a witness should be confined to the particular objectionable portions of the testimony, otherwise the motion will be considered as too general.

10. There can be no recovery upon a cause of action arising in tort that is variant in substance from that which is pleaded by the plaintiff.

11. A declaration in tort which alleges that in operating a machine the "belt did not lie properly on the wheel of said machine to operate same" but would turn on edge; and the "operation of same in its defective condition required that the operator use a stick or some similar instrument to keep the belt on said wheel and make the same lie flat thereon while rapidly turning" and that the plaintiff used a large

wrench for that purpose and was injured, is not supported by proof that the injury occurred while the plaintiff was pressing the "wrench against.the back side of the belt with my hand around the side" in an effort to.force the belt on the main pulley in order to operate the machine, that the injury occurred in an effort to shift the belt from one pulley to another.

12. A motion to strike the testimony of a witness upon the ground that the facts testified to are variant from the allegations of the declaration is well founded.

13. Objections to testimony that are general, specifying no particular ground of objection, will not be considered.

14. In an action for damages for personal injuries, it is proper to receive evidence from a surgeon or physician as to the possibility of an operation benefitting the plaintiff's injured arm, as tending to throw some light on the actual damage sustained.

15. Where in such an action it appears that the injuries received were permanent it is proper to receive in evidence Mortality Tables.

16. The matter of directing a view by a jury is one which is addressed to the discretion of the trial judge, and where he denies a view his ruling will not be reversed in the absence of any showing that injury resulted to the party applying therefor.

17. The question of the ability of the plaintiff, a minor, to appreciate the danger and risks of his employment is for the jury to determine from the age, experience, mental development and conduct of the plaintiff and the opinion of a fellow workman as to a minor's mental capacity for appreciating such dangers is improper.

Writ of error to Circuit Court, Duval County; D. A. Simmons, Judge.

Judgment reversed.

*Marks, Marks & Holt,* for Plaintiffs in Error ;

*C. M. Cooper* and *C. P. & J. J. G. Cooper,* for Defendant in Error.

ELLIS, J.—Robert B. Pritchard was a minor fifteen years of age and was employed by the plaintiffs in error in their shops in Jacksonville. While operating an electric drill or machine, Pritchard was injured by having his left arm thrown into a belt, running from a revolving shaft overhead to a pulley connected with the machine or drill, which drew his arm between the belt and wheel, fracturing and breaking the bones immediately above and involving the elbow joint. By his next friend John T. Pritchard, Robert Pritchard brought suit against the plaintiffs in error to recover damages for the personal injury.

The declaration contained three counts. The plaintiffs in error, hereafter called the defendants, demurred to the three counts of declaration. After the filing of the demurrer it was stipulated between the parties that an amended third count might be substituted and filed in the cause in place of the original third count, and that the demurrer to the original third count should stand and apply to the amended third count.

Upon the hearing on the demurrer the court below sustained it as to the first count and overruled it as to the second and amended third counts. This order of the court constitutes the basis of the first assignment of error.

The second count of the declaration alleges that the defendants were engaged in running and conducting the business of an iron works or shop under the name of Vulcan Iron Works, a certain building or work-shop in Jacksonville; that the plaintiff was employed by defendants as a helper or assistant to the workmen in the shop; that he was a minor of the age of fifteen years; that it became the duty of the plaintiff as said employe of the defendants to operate a certain machine or engine or electric drill which was operated by a leather belt from a revolving shaft overhead, to a pulley connected with the drill or machine; that said machine or electric drill on said date and previous thereto was defective and out of order, in that the same was so set up that it was unsteady and vibrated in a jerky manner when in operation, and the said belt was too slack and did not lie properly on the wheel of said machine to operate same, but would turn on edge, and could not be controlled by the belt shift, which was a part of said machine for throwing said belt on and off of said wheel; that the said minor on said date above mentioned in course of his said duty was operating said machine or drill, and the operation of same in its defective condition required that the operator use a stick or some similar instrument to keep the belt on said wheel and make the same lie flat thereon while rapidly turning, that said machine or drill had for a long time been defective and out of order as aforesaid, to the knowledge of the foreman of said minor in charge of said shop, and the said minor had been operating same from time to time each day with said stick or similar object as above stated, with the knowledge of said foreman; that the said necessary manner of operating said drill or machine on account of its defective condition made its operation exceedingly dangerous; that on the said day above men-

tioned the said Robert B. Pritchard was operating said machine in accordance with his duty under said employment as aforesaid and was using for the purpose of controlling said belt on ·said wheel, as aforesaid, a large wrench, thereby avoiding touching said belt with his hands; that suddenly without warning the said wrench slipped and his left arm was thrown into the belt and caught between the belt and the wheel, and greatly injured, the bones being fractured and broken as follows: A complete transverse fracture of the humerus immediately above and involving the elbow joint; that at the time of said injury the said Robert B. Pritchard through the negligence of his employers had not been informed by his employers of the exceedingly hazardous nature of the operating of said machine by reason of its said defective condition and the said minor by reason of his youth and inexperience did not know and. appreciate the great danger to be incurred in operating said machine on account of the defective condition thereof; that if said minor had been informed by defendants of his danger he would have avoided same.

The amended third count alleges that said minor on said date, was "through the negligence of defendants, operating said machine or drill," etc.; that the said minor, "through the negligence of said defendants had been operating same from time to time each day with said stick or similar object as above stated"; that when he was injured "he was by reason of his youth and inexperience too young to fully understand and appreciate the hazard and 'danger of the employment in which he was engaged as aforesaid"; that on the day the injury occurred "Robert B. Pritchard through the negligence of said defendants was operating said machine in accordance with his, duty

under said employment as aforesaid, and was using for the purpose of controlling said belt on said wheel as aforesaid a large wrench, thereby avoiding touching said belt with his hands;" that suddenly, without warning, the wrench slipped, etc. "And the said minor by reason of his youth and inexperience did not know the great danger to be incurred in operating said machine on account of defective condition thereof; that if said minor had not through negligence of defendants been put to work on said machine and belt so defective and disordered, the said minor would not have had to control said belt with said wrench, and would not have suffered said danger and injury."

The difference between the two counts is, that in the second it is alleged that the plaintiff had not been *informed* by his *employers* of the "exceedingly hazardous" nature of the operating of said machine by reason of its said defective condition," while in the amended third count it is alleged that the plaintiff was "through the negligence of defendants operating said machine or drill." In both counts it is alleged that plaintiff was a minor, and by reason of his youth and inexperience too young to fully understand and appreciate the hazard and danger of the employment in which he was engaged. In both counts it is shown that the machine or drill was operated by a leather belt from a revolving shaft overhead, to a pulley connected with the machine; that the machine was defective and out of order in that it was unsteady and vibrated in a jerky manner when in operation; that the operation of the machine required the operator to use a *stick* or *some similar* instrument to *keep* the *belt* on the *wheel* and make it *lie flat* there while rapidly turning; that this *necessary* manner of operating the machine on

account of its defective condition made its operation *exceedingly* dangerous; that the plaintiff had been from time to time each day operating the machine with "said stick or similar object" and that on the day he was injured he was using a *large wrench* for the purpose of controlling the belt on the wheel. According to both counts the belt shift was a part of the machine "for throwing said belt on and off said wheel," and that the belt was too slack and would not lie properly on the wheel, but would turn on edge and the "stick or similar instrument" was used by the operator of the machine to make the belt lie flat on the wheel while rapidly turning.

The injury resulted to the plaintiff while trying to keep the belt flat on the wheel of the machine. Both counts affirmatively show the *defect* to have been perfectly obvious to the plaintiff.

A minor assumes the risk of all apparent dangers he is capable of comprehending and avoiding. Bare v. Crane Creek Coal & Coke Co., 61 W. Va. 28, 55 S. E. Rep. 907, S L. R. A. (N. S.) 284; Ritchie v. Krueger, 102 Ill. App. 654; Cohen v. Hamblin & Russell Mfg. Co., 186 Mass. 544, 71 N. E. Rep. 948; Carter v. Baldwin, 107 Mo. App. 217, 81 S. W. Rep. 204; Smith v. Irvin, 51 N. J. L. 507, 18 Atl. Rep. 852; 26 Cyc. 1220.

While the defect in the machine was apparent to the plaintiff it does not follow that the danger of using a wrench to control the belt on the wheel was apparent to him. Both counts allege that when the plaintiff was injured he was using a large wrench "thereby avoiding touching said belt with his hands" and although it is perfectly legitimate to infer from this statement that the boy knew or appreciated the danger of touching the belt

24—Vol. 69.

with his hands, it cannot be inferred from that statement that he realized the danger to him from the use of a wrench to make the belt lie properly on the wheel. The danger of his situation as it appeared to him consisted of allowing his hands to come in contact with the rapidly moving belt, this danger he appreciated and sought to avoid. The defect in the machine was perfectly obvious to any one who could see, and that to become entangled in the belt and have one's arm drawn between it and the pulley would result in injury to the person so coming in contact with the moving belt, might also have been apparent to one of even very small degree of intelligence. Yet it cannot be said that the use of a wrench to force the belt to lie flat on the wheel was intrinsically as dangerous as the use of one's hands for that purpose. Such an instrument as a wrench might even appear to a youth of inexperience as an appropriate instrument to insure safety to himself while trying to control the moving belt. In this connection the declaration alleges that the plaintiff by reason of his youth and inexperience was "too young to fully understand and appreciate the hazard and danger of the employment in which he was engaged."

In the Brand case, 64 Fla. 184, 59 South. Rep. 956, there was a plea to the declaration in which contributory negligence was offered as a defence, but the plea failed to allege that the plaintiff who was a minor was of sufficient "age or understanding to appreciate any warning or danger communicated to him by language or appearance," so a demurrer to the plea on this ground was sustained. The court said: "As a matter of fact an employe who is an inexperienced youth may not be free from fault when he is injured, yet in law his youth and inexperience may excuse his fault, and when the employer has placed him at

work the dangers and risks of which the youth does not appreciate, and the youth is injured because of the dangers of the work the employer is liable." That language we re-affirm as correctly stating the law as to a master's liability to an employe who is a minor. The fault, to be excusable, however, must consist of an act, either of commission or omission, which under the circumstances the employer might reasonably have anticipated from a youth of the average mental attainments. See Stefanowski v. Chain Belt Co., 129 Wis. 484, 109 N. W. Rep. 532, 7 L. R. A. (N. S.) 955.

In employing a minor the duty devolves upon the employer to fully instruct such employe as to the dangers incident to the particular employment and in such cases the master is bound to consider the age, mentality and lack of capacity and experience of his infant employe and make such instructions so full and explicit as to bring the dangers incident to the employment to the complete comprehension of the minor. The theory seems to be that a minor presumably ignorant of the use of machinery or dangers incident to his occupation, or to risks incident to the use of defective machinery would without such instructions be exposed to those dangers which he could have avoided had his master fully discharged this duty. See Jones v. Florence Min. Co., 66 Wis. 268, 28 N. W. Rep. 207, 57 Am. Rep. 269; Buckley v. Gutta Percha & Rubber Manuf'g. Co., 113 N. Y. 540, 21 N. E. Rep. 717; Lebatt on Master and Servant; Shearman & Redfield on Negligence (5th ed.) section 219; 4 Thompson on Negligence, sections 3826, 4093, 4689; Dresser on Employers Liability, 466. Both counts of the declaration allege that the operation of the machine resuired the use of a stick or similar instrument to keep the belt on the wheel and

make it lie flat thereon while rapidly turning, and that
the plaintiff had been from time to time each day operat-
ing the machine in that manner.  Although it may be in-
ferred from the facts alleged in the declaration that this
manner of operating the machine was not attended by any
danger to the operator, the declaration does show that
the use of the wrench was followed by the injury.  If then
the use of the wrench was the cause of the injury it is a
question of whether the employer might reasonably have
anticipated its use by the plaintiff in place of a stick or
similar instrument.  Under the circumstances alleged in
the declaration, the plaintiff being only about fifteen
years of age, and not fully understanding and appre-
ciating the hazard and danger of the employment, we
think that the master might reasonably have anticipated
the use by the plaintiff of an instrument such as a large
wrench for the purpose of forcing the belt to lie flat on
the wheel, when by reason of the defective machinery the
use of a stick or similar instrument was necessary for that
purpose.  Here the minor was left to exercise a discretion
as to whether a large wrench was a similar instrument to
a stick or suitable for the purpose of controlling the belt
on the wheel, and in this matter the declaration alleges
the plaintiff did not understand and appreciate the haz-
ard and danger of his employment.

The second count alleges that the plaintiff was not in-
formed by his employers of the "exceedingly hazardous
nature of operating of said machine by reason of its de-
fective condition."  This allegation taken in connection
with the youth, inexperience and lack of appreciation of
danger on the part of the minor, charges a breach of
duty on the part of the employer toward his employe,
while the third amended count rests upon the original

act of negligence on the part of the employer in putting a youthful, inexperienced employe who did not appreciate the danger of his occupation, at work on a defective machine which was dangerous to operate in its defective condition. These two counts each state a cause of action, and the facts there alleged should have gone to the jury for their determination. The demurrer was properly overruled.

The second assignment of error rests upon the order of the court in sustaining the plaintiff's demurrer to the defendants seventh, eighth and ninth pleas, which were as follows:

"7  And for a seventh plea to each and every count severally of the plaintiff's declaration, these defendants say:

That at the time and place of the plaintiff's alleged injury in and about the shop of the said defendants, there existed a certain shop rule, well known to and understood by this plaintiff, to the effect that whenever anything became dis-arranged or disordered about any of the machines or engines operated by power, the defect, disorder or disarrangement should be reported, in order that the power might be shut off before attempting to remedy or correct such defect, disorder or disarrangement.

And defendants aver that at the time of the plaintiff's alleged injury, he was of sufficient age and mental capacity to appreciate and understand the wisdom of such a shop rule, and the evil effects likely to arise from the violation or non-observance thereof.

And defendants aver that the plaintiff was guilty of contributory negligence which proximately caused his al-

leged injury in this, to-wit: That he failed to exercise the ordinary care, prudence and caution that a reasonable person of the same age and mental capacity as the plaintiff would have exercised under like conditions and circumstances, in that he negligently and carelessly failed to regard the said shop rule and report the said alleged defect, disorder and disarrangement or slackness of the said belt, and have the power cut off in order that the alleged defect, disorder or disarrangement might be remedied, but carelessly and negligently attempted to adjust and control the said belt upon the said wheel while the said belt was in rapid motion, the danger of which operation was open, patent and obvious, and readily and easily ascertainable to a reasonable person of the same age and mental capacity of the plaintiff; wherefore, the plaintiff should not demand or receive any compensation of or from the said defendants for his alleged injuries.

8.   And for an eighth plea to each and every count severally of the plaintiff's declaration, these defendants say that the plaintiff by his own negligence contributed proximately to the alleged injuries complained of, wherefore, the plaintiff should not demand or receive any compensation of or from the said defendants for his alleged injuries.

9.   And for a ninth plea to each and every count severally of the plaintiff's declaration these defendants say that the alleged injuries complained of were approximately caused by the plaintiff's own negligence, wherefore the plaintiff should not demand or receive any compensation of or from said defendants for his alleged injuries.

The purpose of the rule mentioned in the seventh plea was obviously to secure to the defendants immediate in-

formation in case any of the machinery became disarranged or disordered, to the end that the power might be shut off before any attempt was made to remedy or correct the defect. The plea distinctly alleges that the plaintiff was of sufficient age and mental capacity to appreciate and understand the wisdom of the rule and the evil effects likely to arise from its violation, it is also averred that the plaintiff well knew and understood the rule. The demurrer attacks the plea upon the grounds: First, that the plea does not allege to whom report was to be made; second, that it appears from the declaration that the foreman or vice-principal knew of the defect; third, that it appeared from the declaration that a report was unnecessary; fourth, that it appears from the declaration and plea that a report would have been useless; fifth, that the circumstances were not within the alleged shop rule, and, sixth, that the rule was not sufficient protection for the minor. The declaration alleges that the machine had for a long time been defective and out of order to the knowledge of the foreman in charge of the shop and the plaintiff had been operating the machine from time to time each day with a stick or similar instrumnt, with the knowledge of the foreman. This allegation is not denied by the plea. 16 Ency. Pl. & Pr., 567.

If the purpose of the rule was to secure notice to the defendant of any disarrangement of the machinery, and the defendants' foreman in charge of the shop knew of such disarrangement and had known it for a long time, and had also known of the plaintiff's operating the machine with a stick on account of the defect in the machine for a long time before the injury, it would seem that the purpose of the rule was fully accomplished. But the question is did such knowledge on the part of the fore-

man and his acquiescence in the use of the machinery in its defective condition operate as a waiver by the defendants of obedience to the rule? We think that it did, because the defendants could have waived obedience to the rule in this particular instance by acquiescing in a disregard of it by the plaintiff, and that the foreman *in charge* of the shop was authorized to bind his principals in this regard. So that under the circumstances the plaintiff was justified in inferring that obedience of the rule as applied to the particular defect or disarrangement was not required. See Alabama G. S. R. Co. v. Roach, 110 Ala. 266, 20 South. Rep. 132; Lowe v. Chicago, St. P. M. & O. Ry. Co., 89 Iowa 420, 56 N. W. Rep. 519; Bonner v. Bean, 80 Tex. 152, 15 S. W. Rep. 798.

The third assignment of error rests upon the ruling of the court sustaining the plaintiff's objection to the following question propounded to him on cross-examination by defendant's counsel: "Mr. Pritchard, isn't it a fact that on the way to the hospital with Mr. Valentine, you said to him that you knew you should have not attempted to shift the belt in the way you did?" This was a proper question under the case made in the evidence and its exclusion was reversible error. The plaintiff had testified that "In operating that machine and trying to shift the belt with the wrench I did not know I was in danger of being injured. I thought by using the wrench I was in perfect safety," etc., and "while I worked there nobody told me that it was dangerous to shift the belt with a wrench or other object." One of the vital issues in this case was whether the plaintiff was on account of his youth and inexperience ignorant of the danger incurred in operating the machine in its defective condition. The defect was obvious as has been shown. The plaintiff could see that

the belt would not lie flat on the wheel and according to the declaration, he had been using a stick or similar instrument to make the belt lie flat on the wheel. While the defect was apparent to him, the real qustion was whether he appreciated the dangers of using a wrench, stick or similar instrument for that purpose. If he did appreciate the dangers, and knew it was wrong to use a wrench for that purpose, then his relation to his employers was exactly as that of an adult who in operating the machine in its defective condition by using a wrench to control the belt assumed the risk of his employment. No one knew better than the plaintiff whether he was fully aware of the danger incident to the employment. The question sought to elicit from the plaintiff an admission to discredit his claim by showing a prior inconsistent utterance. Wigmore in his work on Evidence says: "It is immaterial whether these other utterances would have been independently receivable as the testimony of a qualified witness. It is their inconsistency with the party's present claim that gives them logical force and not their testimonial credit." "The conflict of claims is the significant circumstances and the element of personal knowledge merely increases or lessens that significance." "On the same principle the admissions of an infant party would be receivable." 2 Wigmore on Evidence, section 1053.

Here was a case in which the question of the plaintiff's ignorance o fthe danger was paramount. His claim largely rests on the allegation that he was by reason of his youth and inexperience ignorance of and did not appreciate the danger incurred in operating the machine in its alleged defective condition. It was for the jury to determine from all the circumstances; the plaintiff's age,

his experience in the shop, mental capacity, knowledge of the defects in the machine, the avoidance by him of placing his hand on the moving belt, etc., whether he appreciated and fully understood the risks incident to his employment. We cannot say as a matter of law that the plaintiff was conclusively presumed to be incapable of contributory negligence. The fact that the witness Valentine testified later to statements made by the plaintiff as to his knowledge of the danger, that he had "made a mistake" or "had made a foolish move" and the like does not cure the error committed in excluding the question.

The fourth assignment is not well founded. The motion is not confined to particular statements of the witness. It is very general in its character, and is directed to all the testimony of Pritchard as to the "instructions in the manner of operation of this press given him by Fred Cooper." Mr. Fred Cooper was foreman of the shop when the plaintiff went to work there, and was there for about three months after the plaintiff began to work there. It was certainly proper for the witness to state if such was the fact, that the foreman told him, the witness, to use the wrench in the shop for that machine. This portion of the testimony was admissible. The motion was therefore properly overruled. Platt v. Rowand, 54 Fla. 237, 45 South. Rep. 32..

The fifth assignment of error rests upon the refusal of the court, upon the defendants' motion to strike the testimony of the witness Robert B. Pritchard, the plaintiff, "in regard to the actual happening of the accident." The ground of the motion was that such testimony constituted a "variance from the allegations of both counts of the declaration." This motion should have been sustained.

The declaration was framed upon the theory that the operation of the machine in its defective condition "required that the operator use a stick or some similar instrument to keep the belt on said wheel and make the same lie flat thereon while rapidly turning" and that on the day the injury occurred the plaintiff was operating the machine in accordance with his duty and "was using a wrench for the purpose of controlling said belt on said wheel as aforesaid." The allegations of both counts in this regard are the same. The witness testified as follows: "1 didn't know anything about the condition of the machine until I had tried to shove the belt on and it wouldn't work; it wouldn't shift; I tried to shift it from the idle pulley to the main pulley, but it wouldn't stand up, it wouldn't lie down on the wheel, the belt would stand on its edge. If it had worked right it would have run on to the main pulley and operated the drill, you would shift the belt to run the machine or stop it, the belt seemed to be slack; wouldn't lie properly when you would go to shift it; it wouldn't shift." "I went to shift the belt, and it wouldn't shift, and I had been instructed by the foreman to use a wrench or stick when it would not shift, and I had done so and the wrench slipped off the belt and threw my arm in the pulley." Again "I had taken the wrench in my hand, around the belt to try to slip it on and the wrench slipped off the belt and caught my arm and threw it into the machine or in between the belt and wheel." "In operating that machine and trying to shift the belt with the wrench, I did not know that I was in danger of being injured." "Nobody told me that it was dangerous to shift the belt with a wrench or other object." "I pressed the wrench against the back side of the belt with my hand around the side." "The flat side of the belt was towards

me, to shift the belt on the fixed pulley the belt had to come over toward the machine. I was using the wrench to try and make it lie flat so it would run over on the fixed pulley when I was hurt." "After it was laying flat it would go over there."

It is settled law in this State that there can be no recovery upon a cause of action, even though it be a tort, however meritious it may be, or, however satisfactorily proved, that is in substance variant from that which is pleaded by the plaintiff. See Dexter v. Seaboard Air Line Ry., 55 Fla. 292, 45 South. Rep. 887; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318.

The allegations in the declaration as to the defect in the machine, having been set up so that it was unsteady and vibrated in a jerky manner when in operation, and that the belt was slack and could not be controlled by the belt shift are specifications of mere matters of detail concerning the condition of the machine; but the allegations that the "belt did not lie properly on the *wheel* of said *machine to operate same,*" but would turn on edge; and the *"operation* of *same* in its defective condition required that the operator use a stick or some similar instrument to *keep* the belt on said wheel and *make* the same lie flat thereon while rapidly turning" are material specifications relating to the instrumentalities by which the injury was inflicted. It appears from the declaration that there was a pulley or wheel on the shaft which was connected with the machine, this pulley was fixed to the shaft and was turned by the belt to operate the machine, the shift was used for throwing the belt off and on the wheel. The idle pulley referred to in the evidence was another wheel on the shaft alongside the fixed pulley and was designed

to carry the belt while the machine was not in operation. The shift was intended to be used for shifting the belt from one of these wheels or pulleys to the other accordingly as it was desired to operate the machine or not. The case made by the declaration shows that the injury occurred while the plaintiff was *operating* the machine and when he used a wrench to keep the belt on the fixed or main pulley and make the same lie flat thereon while rapidly turning. This was the case the defendant has brought into court to defend. The evidence which the defendant moved to strike out showed that the injury did not occur in that manner, but in an essentially different way. The injury to the plaintiff, according to his testimoney, occurred while he was pressing the "wrench against the back side of the belt with my hand around the side," in an effort to force the belt on the mail pulley in order to operate the machine. The reason for the rule requiring the allegations and proof to corresuond is that the opposite party shall be specifically advised of what he is called upon to answer so that he may be enabled to properly make out his case, and that he may not be taken by surprise in the testimony at the trial.

The declaration showed that the plaintiff was aware of the danger of putting his hand on the belt while trying to make it lie flat on the wheel, and the wrench was used to avoid doing that. In shifting the belt he pressed the wrench against the back side of the belt with his hand around the side. A different position entirely from the one he would assume while using a stick or similar instrument to keep the belt flat on the main pulley while the machine was in operation. According to the plaintiff's testimony he seemed to be doing the very thing

which according to the declaration he tried to avoid, and of which he realized the danger.

The sixth assignment of error is not well taken. It was competent for the witness to testify who was foreman of the shop while he worked there, it being shown that the period of his employment covered the time, or a portion of it, that the plaintiff was emloyed there. The objection was also extremely general. Vaughan's Seed Store v. Stringfellow, 56 Fla. 708, 48 South. Rep. 410.

The seventh assignment is not well founded. The question was asked to elicit information as the basis upon which to estimate the damages.

The eighth assignment has no merit. There was no objection made to the question, and no motion to strike the answer. The exclusion of the testimony of Dr. Turck as to the possibility of a third operation benefitting the plaintiff's arm, we think, was improper. This testimony bore on the actual amount of damages caused by the injury, not in mitigation of damages, but as throwing some light upon the actual damage sustained. If a surgical operation would result in a cure, the actual damage would decrease in proportion as the operation was inexpensive, safe and certain. Schlitz Brewing Co. v. Duncan, 6 Kan. App. 178, 51 Pac. Rep. 310. The admission of the mortality tables was proper. There was evidence to show that the injury was permanent. City of Key West v. Baldwin, decided this term.

The refusal of the court to allow a view of the premises by the jury, and the exclusion of the testimony of a witness as to the present condition of the drill are assigned as error. No error is made to appear in these rul-

ings.  The question of permitting a view by the jury is
one which addresses itself to the trial judge, and it does
not appear that injury resulted to the defendant from the
denial.  Atlantic Coast Line R. Co. v. Whitney, 65 Fla.
72, 61 South. Rep. 179.

The defendant asked the witness Valentine if from his
observation of the plaintiff he thought the plaintiff was
sensible enough to appreciate the danger of the work he
was doing.  The question was objected to and the court
sustained the objection.  This ruling is assigned as the
thirteenth error.  The ruling was correct, the question
of the ability of the plaintiff to appreciate the danger
and risks of his employment was for the jury to deter-
mine from the age, experience, mental development and
conduct of the plaintiff.  The opinion of a fellow work-
man as to another's mental capacity for appreciating
danger when that question is one within the distinctive
province of the jury's operation is improper.  17 Cyc. 45.
See Chaires v. Brady, 10 Fla. 133.

The fourteenth and fifteenth assignments are without
merit.  Valentine had testified that he informed Pritch-
ard's father that the boy was hurt, and Pritchard's father
said Valentine communicated with him over the telephone.
The testimony of the plaintiff as to the whereabouts of
Glandon when the injury occurred was proper rebuttal
testimony.  Glandon had testified that he was in the shop
when the injury occurred, the plaintiff said he was not
there.  The mere fact that one witness contradicts an-
other does not render the former's testimony inadmissible
on rebuttal.

Because of the errors mentioned heretofore the judgment
in this cause will have to be reversed.  It is therefore un-

necessary to discuss the remaining assignments of error which are based upon the court's instructions to the jury and his refusal to give certain requested instructions. We have examined the charges given and those requested by defendants and refused, and have discovered no error. The law as applicable to the facts of the case as shown by the evidence was fully and correctly given to the jury. Those which were requested by the defendants and refused, were either covered by those given by the court, not applicable to the evidence, or not well founded in point of law. Even if the work in which Pritchard was engaged entailed certain ordinary risks and he was aware of the defects in the machinery, he would not be precluded from recovering in the action, if the jury believed that he did not in fact, by reason of his youth and inexperience, fully appreciate the dangers to which he was subjected by such employment and that he was injured while engaged in such work in the manner set forth in the declaration. One who employs a minor to work at dangerous machinery, or in dangerous places, or with tools or machinery which by reason of defects in them entail dangers not ordinarily present, is bound to consider the age, mental and physical capacity and experience of the youth so employed, and to see to it that the youth is advised fully not only of the defects, but apprised of the dangers incident to the employment, to the end that the youth may fully appreciate and understand the risks to which he may be subjected by such employment. If the minor has the information necessary and does fully appreciate the risks of his employment, he bears the same relation to him employer as that of an adult. See Goulding Fertilizer Co. v. Watts, 63 Fla. 155, 58 South. Rep. 362; Loftus v. Dehail, 133 Cal. 214, 65 Pac. Rep. 379; 29 Cyc. 541-642; 26 Cyc. 1218; Alabama Mineral

R. Co. v. Marcus, 115 Ala. 389, 22 South. Rep. 135; Buckley v. Gutta Percha Mfg. Co., 41 Hun (N. Y.) 450; Greenway v. Conroy, 160 Pa. St. 185, 28 Atl. Rep. 692; 3 Labatt on Master and Servant (2nd ed.) Section 1203.

A claim in one of the charges given to the effect that the employer could not presume that his employe, a minor, knew even the ordinary risks and dangers of his employment, taken in connection with the remainder of that charge, is a correct statement of the law. A minor old enough to understand and appreciate the risks of a rangerous employment must be deemed to assume those risks to the same extent as though he were an adult, if however he has not the mental capacity and experience to fully appreciate the dangers of the employment the master who fails to fully instruct such employe and bring to his mind an appreciation of the danger and risk is liable for an injury to the minor occasioned by his lack of intelligence or appreciation of the risks. The instructions given fully covered the case and considered together correctly announced the law.

For the errors pointed out herein the judgment is reversed and a new trial ordered.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND WHITFIELD, JJ., concur.

## ON REHEARING.

Ellis, J.—A petition for rehearing was filed in this cause. It is urged by counsel for defendant in error that the third assignment of error was not well considered. Counsel say that the court overlooked and did not consider the fact that the witness Valentine, to whom the statements of Pritchard were supposed to have been made, was fully questioned and testified extensively and completely upon alleged admissions and the entire conversation between himself and the plaintiff on the way to the hospital after the injury. As to whether the court considered Valentine's testimony as to the plaintiff's admissions, we direct counsel's attention to the following language in the opinion, which language counsel seem to have overlooked: "The fact that Valentine testified later to statements made by the plaintiff as to his knowledge of the danger that he had 'made a mistake,' or 'had made a foolish move' and the like, does not cure the error committed in excluding the question." This court held that the question propounded to Pritchard, the plaintiff, by defendants' counsel, and quoted in the opinion was a proper question and its exclusion reversible error, because the question sought to elicit from the plaintiff an admission to discredit his claim by showing a prior inconsistent utterance. The plaintiff by his declaration and in his testimony asserted that he was ignorant of the danger of his employment, this ignorance was a material element in the case made by the declaration as well as the one made by the plaintiff's evidence. The question sought to elicit an admission from the plaintiff showing or tending

to show that he was, at the time of the injury, not ignor-
ant of the dangers of his employment; an admission in-
consistent with his claim as presented in his declaration
and testimony.   Such an admission would have been de-
structive of his case; it would have tended to show that
his case as presented by the declaration rested upon a
false premise; that his allegations of ignorance were a
mere pretentse and after-thought, assumed only for the
purpose of recovering damages.   The defendants had a
right to the acknowledgement of this admission from the
lips of the plaintiff, if the admission was ever made, and
its exclusion was error.   Counsel's objection to the ques-
tion, as the record shows, was that the plaintiff being an
infant, could not make an admission contrary to his inter-
ests, and in their brief they say that if error was com-
mitted, it was cured by the testimony of Valentine.   In
the petition for rehearing counsel insist that the question
was saked "for the sole purpose of laying a foundation
for introducing the very testimony of Valentine, which
in fact was introduced later, without objection."   With
the view of the law as expressed by plaintiff's counsel on
this point, the court does not agree, and so announced in
the opinion, to which counsel are referred.

The next point urged in the petition for rehearing is,
that the conclusion the court reached on the question of
variance, was erroneous.   The question was raised by a
motion to strike the testimony of the witness Robert B.
Pritchard, the plaintiff, "in regard to the actual happen-
ing of the accident, upon the ground that it is a variance
from the allegations of both counts of the declaration."
The testimony of the witness as to the actual happening

of the injury as the same is quoted in the opinion is correctly quoted from the record. The witness said "I pressed the wrench against the back side of the belt with my hand around the side." He may have intended to say that it was his arm which was around the side of the front belt, and perhaps that statement would have been more accurate, as counsel in their petition insist. But the record shows that no such statement was made by the witness.

We are still of the opinion, that the declaration shows the plaintiff to have appreciated the danger of bringing his hand in contact with the moving belt, and that "according to his testimony he *seemed* to be doing the very thing which according to the declaration he tried to avoid, and of which he realized the danger."

It is asserted in the petition that: "The belt around the side of which he (plaintiff) had his hand was the front part of the belt, leaving the machine, and was not the part of the belt which threw his arm into the machine." The court understood from the record and the photographs of the machine, that the belt which operated it connected the machine with a revolving shaft overhead. That the power necessary to operate the machine was transmitted by means of the belt to a pulley connected with the machine; that the far side of the loop made by the belt came down to the machine and the side nearer the operator as he stood before the machine moved upward; that it was the far side of the belt loop which stood on edge and would not lie flat on the wheel. The declaration alleges that the operation of the machine required the operator to use a stick or similar instrument to "keep the belt on said wheel and make the same lie flat while rapidly turning," and that

the injury occurred while the plaintiff was operating the machine and using, "for the purpose of controlling said belt on said wheel as aforesaid, a large wrench, thereby avoiding touching said belt with his hands." His testimony shows that the injury occurred while he was trying to shift the belt from the idle pulley to the wheel or main pulley, and in doing so pressed the wrench against the back side of the belt with his hand around the side.

We think that what the witness said as to how the injury happened materially varied from what he had previously alleged in his declaration. The plaintiff had with great particularity and minuteness of details described in the declaration the tort and the means by which it was committed, he was therefore held to a corresponding degree of particularity in his proof necessary to sustain those allegations, his testimony was, we think, substantially variant from the allegations in his declaration, and failed to sustain them. See Wilkinson v. Pensacola & A. R. Co., 35 Fla. 82, 17 South. Rep. 71; Lofton v. Jacksonville Electric Co., 61 Fla. 293, 54 South. Rep. 959.

As to the ninth assignment of error: The declaration describes specifically, almost elaborately, the result of the injury and the surgical operations performed, and concludes the paragraph in the following words: "The said arm remained and still is, and always will be stiff and weak, and to a *large extent useless and impaired.*" Dr. Turk, a witness for the plaintiff, said: "I think the arm is permanently injured, though another operation on the joint to remove a possible excess of new bone which forms after a fracture, might result in some further action in the elbow joint. Judging from previous similar operations, we have always obtained a certain amount of improvement after removing the excess of new bone growth

which always forms after a fracture." In assessing the damages in this case the jury were required to ascertain from the evidence submitted to what extent the plaintiff's arm was and would continue to be useless and impaired. If there was reasonable ground to believe that a surgical operation would increase the degree of motion in the plaintiff's elbow joint, thereby increasing the usefulness of his arm, such fact should have been considered by the jury in assessing the amount of the recovery, as should the probable expense of such an operation. Where persons sustain injuries like the one sustained by the plaintiff, the extent of the injury, the degree to which the limb is rendered useless, determines the extent of his damage. A surgical operation might not restore a wholly useless limb to its former degree of efficiency and usefulness, but the operation might restore to a degree its usefulness, and to that extent the operation would effect a cure and the damage which the plaintiff might have sustained without the operation be in that proportion reduced.

Petition denied.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL, AND WHITFIELD, JJ., concur.